Wilson, &c., v. Teague.

CASE 10—PETITION ORDINARY—OCTOBER 21.

95　47
95　175

95　47
112　506

# Wilson, &c., v. Teague.

APPEAL FROM WHITLEY COURT OF COMMON PLEAS.

1. To ENTITLE THE PLAINTIFF TO A WARNING ORDER it is not necessary that the required facts should be stated in a separate affidavit; if they are set out in the petition, and it is sworn to by the plaintiff, it is sufficient.

2. A JUDGMENT AGAINST NON-RESIDENT DEFENDANTS WILL NOT BE TREATED AS VOID after the lapse of almost fifteen years, although the required affidavit had not been made at the time the warning order was made, as the petition containing a statement of all the facts required to authorize the warning order was sworn to after the order was made and at least a year before judgment was rendered, and the warning order attorney and the court acted upon the warning order after the affidavit was made; and, besides, the warning order itself recites that it was made upon proof as to the non-residence of the defendants.

HILL & DENHAM FOR APPELLANTS.

The warning order having been made without any affidavit upon which to base it, and that fact appearing affirmatively on the face of the record the decree and sale thereunder were void. The provisions of the Code upon the subject of warning orders should be strictly pursued. (Civil Code of 1867, secs. 88, 89; Brownfield v. Dyer, &c., 7 Bush, 505 Grigsby, &c., v. Barr, 14 Bush, 334; Farris v. Withrow (Iowa), 77 Am. Dec., 117; Hahn v. Kelly (Cal.), 94 Am. Dec., 749, and notes, p. 766.)

LESTER & KING FOR APPELLEES.

The absence from the record of the affidavit upon which the warning order was made, does not render the judgment void. The presumption must be indulged in favor of the clerk as well as in favor of the court that the order was made in strict conformity with the provisions of the Code. (Newcomb's Executors v. Newcomb, 13 Bush, 544.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

Peter Wilson died in 1894 intestate. His administrator brought suit against his heirs and creditors to settle his estate as an insolvent estate. Three of the heirs were

non-residents at the time and have been continuously ever since. The fact that they were non-residents was set out in the petition, which was signed by the administrator, and they were proceeded against by warning order. A non-resident attorney was duly appointed and answered; the court gave judgment for the sale of the land in controversy, and it was sold in 1876 and possession delivered. The appellants, the said non-resident heirs, bring this suit to recover their interest in said land, upon the ground that the judgment and sale, as to them, was void, because, as they allege, the warning order was obtained without the affidavit required by the Civil Code then in force. As said, the allegations as to the non-residency of the appellants were contained in the petition, and it has been expressly decided by this court, that if the requisite facts are set out in the petition to entitle the party to a warning order, and is sworn to by the plaintiff, it is sufficient. The order of warning recites the fact that it was made upon proof heard as to the non-residency of the parties, and the record also shows that the plaintiff did thereafter swear to his petition and that the court treated the order of warning as sufficient, and rendered judgment accordingly. The affidavit was made at least a year before the rendition of the judgment, and the attorney for the non-residents acted for them thereafter, and the court likewise acting upon said order after the affidavit was made, rendered judgment, and the order of warning itself shows that it was not made without proof of non-residency. Now, then, after the lapse of nearly fifteen years, the appellants ask the court to declare the order of warning void and restore to them land that was

sold by virtue of the judgment rendered in the case to satisfy the debts of their father, and for the payment of which the land was bound, and which it did pay.

It would be trifling with justice to now take the land away from the purchasers, whose money went to pay those debts, and give it to the appellants freed from the debts for which it was originally bound and sold, unless there be some inexorable rule requiring us to do so. Happily, there is no such rule. For, according to the facts stated, the order shows that it was made upon proof of non-residency, doubtless by plaintiff himself, as an affidavit to his petition, but the clerk failed to write it in the usual form; at least, to prevent an absolute defeat of justice, we should so presume, after this long lapse of time, and thus presuming, the order was erroneous merely, and not void; and as long as it stands unreversed the appellants are bound by it. Besides, the proper affidavit having been made and the court subsequently acting on the order of warning, we must presume that the order was re-entered and re-adopted by the court.

The judgment is affirmed.