CASE 29—PETITION EQUITY—DECEMBER 2.

## Sears' Heirs v. Sears' Heirs.

APPEAL FROM WHITLEY COURT OF COMMON PLEAS.

1. CONCLUSIVENESS OF JUDGMENT.—Where the record in which a judgment was rendered shows the service of a summons, whether actual or constructive, it imports absolute verity, and the judgment is conclusive until vacated or reversed in some direct proceeding.
2. DEFECT IN AFFIDAVIT FOR WARNING ORDER.—A judgment rendered pursuant to a warning order made by the clerk in due form will not be declared void in a collateral proceeding merely because the jurat of the affidavit for the warning order was not signed by an officer.

O. H. WADDLE FOR APPELLANT.

1. In cases of constructive service of process, if there is an entire absence of evidence as to the necessary preliminary steps having been taken, the court will presume that its officers did their duty. But when the record shows that certain steps were taken to obtain jurisdiction, and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction. (Freeman on Judgments, secs. 125, 130, 132; Clark v. Thompson, 47 Ill., 25; Hahn v. Kelly, 34 Cal., 391; Newcomb v. Newcomb, 34 Cal., 391; Zechain v. Bowen, 40 Am. Dec., 111; Long v. Montgomery, 6 Bush, 394; Green's Heirs v. Breckinridge's Heirs, 4 Mon., 541.)
2. The paper upon which the warning order was issued does not satisfy the requirements of the Code as to an affidavit. (Civil Code, secs. 544, 551.)

HILL & DENHAM FOR APPELLEES.

1. The presumption exists that the clerk in making the warning order did his duty, and that all requirements of the statute were fully complied with. (Newcomb's Ex'ors v. Newcomb, 13 Bush, 544.)
2. The objections urged here might have been ground for reversing the judgment in the Rains case, but they do not render the judgment void, it having been rendered by a court of general and competent jurisdiction, and it can not be attacked in a collateral way. (Hynes v. Oldham, 3 Mon., 266; Benningfield v. Reed, 8 B. M., 102; Carr's Adm'r v. Carr, 13 Ky. Law Rep., 756; Harrison v. Hood, 12 B. M., 471; Gossom v. Donaldson, 18 B. M., 237; Thornton, &c., v. McGrath, 1 Duv., 354; Dorsey, &c., v. Kendall, 8 Bush, 294.)
3. Judicial sales will not be declared void on account of slight defects in preparation. (Thornton, &c., v. McGrath, 1 Duv., 354; 2 Black on Judgments, sec. 281; Wade on Law of Notice, sec. 1085; Freeman on Judgments, sec. 127.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

At the suit of a creditor in December, 1877, the lands of one Geo. Y. Sears, deceased, were sold under a judgment of the Whitley court. Some of his children were proceeded against as non-residents, and because the jurat of the affidavit for the warning order is not signed by an officer, it is claimed by the appellants—representatives of these non-residents—who are now suing for the lands, that as to them the sale is void. The affidavit, or what purports to be one, follows the petition, is signed by the supposed affiant, and the clerk in due form made the order of warning.

The law plainly directs that the clerk shall not make such order "except upon an affidavit of the plaintiff or of his agent or attorney," etc. Shall we say that the officer flagrantly violated this plain provision of the law and illegally made the order? or that he merely carelessly omitted to sign his name to the formal certificate of what he had properly done? If the question were one open for presumption, we should readily conclude that the clerk in fact administered the requisite oath, and if so, the law is satisfied. It may be observed further, as within the legitimate domain of presumption, that because we find attached to the petition an imperfect affidavit we are not thereby precluded from presuming the existence of another and perfect one on which the clerk acted in making the order. But aside from all this, in collateral proceedings attacking the validity of a judgment, the rule is well established that where the record in which the judgment was rendered shows the service of a summons, whether actual or constructive—and the order of warning is the constructive summons—it imports absolute

verity, and the judgment is conclusive until vacated or reversed in some direct proceeding. (Newcomb's Ex'or, &c., v. Newcomb, 13 Bush, 562; Dorsey, &c., v. Kendall, &c., 8 Bush, 294.)

A similar question was determined by this court in Wilson, &c., v. Tague, &c., 95 Ky., 47, where the failure of the clerk to write the affidavit for the warning order in the usual form was held to render the judgment erroneous merely, and not void.

The appellants also assert title by virtue of certain alleged written contracts with some of the children of Sears, under which, however, even if the writings are sufficiently descriptive, they took no possession or did any other act to put others upon notice of their alleged equity.

The judgment dismissing the petition is affirmed.