CASE 54—ACTION FOR SPECIFIC PERFORMANCE OF A CONTRACT—
JAN. 17.

# Meddis v. Dellinger, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

VALIDITY OF JUDGMENT—PRESUMPTION THE WARNING ORDER WAS MADE.

Held:   It appearing from the clerk's certificate on the petition in an
action and from a docket entry made by him that a warning or-
der was made, and the report of the warning order attorney ap-
pearing in the record, the fact that the warning order is not found
in the papers after the lapse of twenty years does not render
the judgment void, as it will be presumed that it has been de-
tached from the petition, and lost, rather than that it was never
made

LEM H. M'HENRY AND JOHN J. M'HENRY, ATTORNEYS FOR APPEL-
LANTS.

## PROPOSITIONS AND AUTHORITIES.

First.   That proceedings against non-residents are *ex parte*
and in derogation of the common law.

Second.   That a substantial compliance with every requisite
of the code is mandatory.

Third.   A case is not commenced against the defendant until,
a summons is issued or a warning order made on the petition.

Fourth.   Nothing is to be presumed in favor of the jurisdiction.

Fifth.   That the failure of the clerk in certain instances to
take a step leading up to the making of the warning order is
not necessarily fatal to the judgment, but, that the failure of the
clerk to make the warning order for the defendant to appear
at a day earlier than the time fixed in the code, or his failure
to make the warning order at all is necessarily fatal, and ren-
ders all proceedings thereunder void.

(1.)  Code, secs. 3957-3960; Green's Heirs v. Breckinridge's
Heirs, 4 Mon., 541; Brown v. Woods, &c., 6 J. J. M., 14 Green v.
McKinney's Heirs, &c., 6 J. J. M., 197; Triplet, *et al.*, v. Gill, *et al.*,
7 J. J. M., 439; Brownfield ,&c., v. Dyer, 7 B., 507; Carr's Admr.,
v. Carr, 92 Ky., 552-4; Hurr v. Cist, 14 R., 644; Redwine v.
Underwood, 101 Ky., 190; Wilson v. Tague, 15 R., 414, Distin-
guished; Trabue v. Sayre, 1 Bush, 130; Butts v. Turner & Lacy,
5 B., 436; Hoffman v. Brungs, 83 Ky., 404; Cecil v. Sowards,
10 Bush, 96; Savings Bank of Louisville v. McAllister, &c., 83

Meddis v. Dellinger, &c.

Ky., 152; Fraud v. Ireland, 17 R., 1142; Traders' Deposit Bank v. Hoffman, 99 Ky., 243.

(2.)   An action for the sale of a defeasible fee is not provided for by the Code of Practice, but must proceed under section 6, chapter 63, General Statutes, which has never been repealed. Code, 489-90-91.   Article 6, chapter 63, General Statutes, Bullitt & Feland, Ed. 1881.    Minor's Institutes, vol, 2, page 431, 2e.   (2) Newman v. Ecton, 100 Ky., 653;   Commonwealth v. Watts, 84 Ky., 537; Fritsch v. Klausing, 11 R., 788, Distinguished.

(3.)   A suit to quiet a title is an equitable proceeding— equity acts alone on the person, and the courts have no jurisdiction over the person of non-resident defendants, but the State may, by proper statute, place such limitations and regulations upon the real estate within its borders, so that an action to quiet title may be maintained therein against non-resident defendants upon constructive service.

The act of the Legislature of Kentucky, of 1854, to quiet titles, authorizes only a personal judgment against the defendant, and it makes no provision for bringing the defendant into court upon constructive service, and the general provisions for constructive service can not be extended to supplement the provisions of the act of 1854, and hence, that act is not a proper statute.   Hart v. Sansom, 110 U. S., 451; Arndt v. Griggs, 134 U. S., 316-323; Cooper v. Newall, 173 U. S., 571; Act of Legislature of Ky., March 4, 1854.    Code, Bullitt's Ed. 1899, page 739; Code 419.

(4.)   The judgment of the Jefferson circuit court, chancery division, in case No. 15,475, is not conclusive against non-resident defendants until five years have elapsed, after the rendition of the judgment.   Civil Code, sec. 414.

C H. SHEILD, ATTORNEY FOR APPELLEES.

This appeal is taken in a suit to enforce the specific performance of a contract made between Dellinger and Meddis for the sale of real estate.

Dellinger tendered his deed to Meddis in accordance with the terms of the contract, demanded the payment of the cash and the execution of the notes required under the terms thereof. The defendant refused to accept the deed, to pay the cash, or to execute the notes, claiming there were defects in the title.    The answer admits the contract and tender of the deed.

The answer sets up as a defense *two* legal propositions, to which a demurrer was filed and sustained by the court and defendant failing to plead further judgment was entered decreeing the specific performance, and defendant appeals.

1.   The defendant in his answer, undertakes to say that
Judge Bruce, as chancellor of the Jefferson circuit court in suit
No. 32,754 brought by Floyd Frye to construe the will of Floyd
Parks and to sell some land therein devised, in order to its re-
investment, had no jurisdiction to order this property to be sold,
and that his judgment directing it to be sold, and the proceeds
to be reinvested in property in Indiana *was void*, because most
of the children of Floyd Parks, who were necessary parties
to said suit, were non-residents of the State of Kentucky, and
*that no warning order was issued against him*, and there-
fore these non-resident defendants were not before the court.

The record shows that an attorney was appointed to defend
for said non-resident defendants and he filed his report but
*the warning order itself* can not be found in the record. . This
was in 1878.    The memorandum of the clerk on the back of
the petition is as follows: "1878, April 6th.    Pet. and aft.
fld. and 2 exhs. fld. sum. and 14 Cos. issd.    W. O. and L. A.
Wood, atty.    Att. S. F. Chipley, clk."

This memorandum means as we contend:  Petition and affida-
vit filed and two exhibits filed, summons and fourteen copies is-
sued, warning order, and L. A. Wood attorney appointed by
the clerk.    The memorandum made on the rule docket at the
same time by the same clerk.   "W. O. v. Defts and L. A. Wood,
Atty." means warning order against defendants and L. A. Wood
appointed attorney, the clerk being the proper one to make the
warning order and appoint the attorney to defend.

We contend that after the lapse of twenty years with this mem-
orandum and the fact that L. A. Wood, the attorney named,
filed his report in the case, as attorney for the non-resident de-
fendants, it will be presumed that the warning order was act-
ually made at the time and attached to the petition, but has
been misplaced or lost.

2.   The second defect of title complained of is that after the
death of Louis Lentz, ancestor of the present owners, suit was
brought to settle his estate, suit No. 3013 in the chancery di-
vision, Jefferson circuit court, in which suit Dellinger bought
the property and paid the money into court and it was distributed
amongst the creditors of Louis Lentz.  Dellinger undertook to
sell the property and the same question above discussed was
raised.    Dellinger brought suit No. 15,475 in said court to
quiet his title.    In that suit he set up the fact that the prop-
erty had been sold under action No. 32,754, that the warning
order was not regular, and made every living issue of Floyd
Parks, deceased, a party to this suit, had warning order made
against every one of them and an attorney appointed to de-

Meddis v. Dellinger, &c.

fend, who filed report for all the non-resident defendant.    All
the resident defendants were served with process or entered
their appearance, and in this suit No. 15,475, every thing be-
ing regular, the court adjudged that the memorandum entered
by the clerk on the petition in action No. 32,754 and the mem-
orandum on the rule docket, was a sufficient *memoranda of a
warning order* and was tantamount to the actual issual of a
warning order and that the parties were regularly before the
court and that the judgment in the court in action No. 32,754 de-
creeing the sale of the property and reinvestment was *valid.*
Precisely the same question, which this court is now called on to
decide, was decided by Judge Miller in suit No. 15,475 as afore-
said.    But appellant says that a proceeding to quiet title is a
proceeding *in personam* and that our courts have no jurisdic-
tion to render a judgment quieting title as against a non-resident
who is before the court by constructive service only and that
Judge Miller's judgment is void, which contention we deny.

### AUTHORITIES CITED.

Harlammert v. Moody, 15 R., 839; Wilson v. Tague, 15 Ky.,
47; Newcomb v. Newcomb, 13 Bush, 544; Sears v. Sears, 95 Ky.,
173; 9 Bush, 125; 81 Ky., 28; Litrell v. Wells, 97 Ky., 84;
Arnet v. Griggs, 134; U. S., 316; Reno on Non-Residents, sec.
225, 226; Hart v. Sansom, 110 U. S., 151; Langdell Eq. Pl. (2d
ed.) sec. 43 (1894) Massie v. Watts, 6 Cranch, 148; Orton v.
Smith, 18 How., 263; Vendever v. Freeman, 20 Tex., 334; Felch
v. Hooper, 119 Mass., 52; Ager v. Murray, 105 U. S., 126; Simp-
son v. Hawkins, 1 Dana, 303; Bank of U. S. v. Cochran, 9 Dana,
395; Demy v. Wickliffe, 1 Metc., 227.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

This is an action for specific performance of a contract
of sale of realty. Appellant admitted the contract, but
declined to comply, because, as he alleged, appellees were
unable to convey a title in fee, for various defects in the
title suggested in the answer. The court sustained a de-
murrer to the answer, and adjudged specific performance,
and hence this appeal.

It is alleged in the answer that appellee derived title
by purchase at a judicial sale in an action to settle the
estate of Louis Lentz, deceased; that Lentz derived title

by purchase at judicial sale in an action No. 32,754, brought by Floyd Frye, to sell said land in order to its reinvestment. It is in this action No. 32,754 that there is a defect of title pleaded. The facts as to that action are that Floyd Frye was the owner and holder under the will of his grandfather, Floyd Parks, of a defeasible fee in this land, the defeasance being that Frye should die without issue of his body. Frye instituted action No. 32,754 to sell the land and to reinvest the proceeds in other property in the State of Indiana. In that action Frye made all living persons who might take under the will of Floyd Parks in case of defeasance parties defendants. All who would first take under the will were either actually served with process or appeared and answered, but some of the defendants to that suit who might, in case of defeasance, inherit through the parents, or take under the will by reason of the death of their parents, if that should occur before defeasance, were nonresidents, and were not personally served, and did not appear. It appears from the record of that suit No. 32,754 that an affidavit for warning order was made, and the clerk indorsed on the petition and on his docket that a warning order had been made, and an attorney appointed to represent the nonresidents; but the warning order itself is not in the record. It was not written on the petition, and is not found in the papers of the case. The nonresidents' attorney made his report, and the proceedings thereafter are regular, as the record shows. The land was sold, and by judgment the proceeds were invested in lands in Indiana, to be held under the same conditions and limitations as the lands here were held by Frye. These proceedings and judgment were had and rendered in 1878. It is alleged that the appellee, Dellenger, since his purchase at decretal sale, had

brought an action to quiet his title, in which he obtained
judgment, but that in that action there were nonresidents
constructively summoned, and that such judgment had
not been rendered five years, and it was therefore possible
for any defendant herein to obtain a new trial if the de-
fect suggested in action No. 32,754 was well taken, and
thereby rendered the judgment and decree void.     The
question presented by the answer pleading a defect in the
title is:   Is the judgment rendered in 1878 at the in-
stance of Floyd Frye—case No. 32,754—void by reason of
the fact that the warning order written out by the clerk.
does not appear in the record or papers on file?   In our.
opinion, this does not render the judgment void.   Aside
from the question of whether the nonresidents therein
were necessary parties to that suit, we are of opinion, and
so hold, that the mere failure to find the written warning
order made by the clerk will not authorize the court, at
this remote period of time, to declare the judgment void.
The record leaves no doubt that a warning order was
made.   The clerk so certifies on the petition, and also
makes such a memorandum on his docket book.   These
indorsements are:   "Pet. and aft. fld. and 2 exhs. fld.   Sum
& 14 cos. issd.   W. O. and L. A. Wood atty.   Att.:  S. F.
Chipley, clk."   These entries evidently mean, "Petition and
affidavit filed, 2 exhibits filed.   Summons and 14 copies is-
sued.   Warning order and L. A. Wood, attorney.   Attest:
S. F. Chipley, Clerk."   These are the usual file marks of
the clerk of his acts, and are made by him in his official
capacity.   After the lapse of more than twenty years, the
court must conclude, in the absence of a contrary show-
ing, that this certificate of the clerk is true, and that the
warning order was made.   The report or answer of the
warning order attorney is on file, and, as this is a juris-

dictional fact, we are authorized to presume in favor of the jurisdiction, rather than against it. It may not have been possible or practical to write the warning order on the petition. If it had been written on a separate piece of paper, and attached to the petition, it would have been sufficient. It could not be that, if it was detached from the petition, and lost, the judgment would be destroyed. We must presume that it was written as the clerk certifies, and has been lost out of the papers, which presumption upholds the judgment, rather than ignore the certificate, and the docket entry, and the other facts apparent from the record, and from the mere failure, after twenty years, to find the warning order in the records, declare a solemn decree of a court of general jurisdiction void. Newcomb's Ex'rs v. Newcomb, 13 Bush, 544, 26 Am. Rep., 222; Wilson v. Teague, 95 Ky,. 47 (15 R. 414) 23 S. W., 656; Sears' Heirs v. Sears' Heirs, 95 Ky., 173 (15 R. 510) 25 S. W., 600, 44 Am. St. Rep. 213; Berry v. Foster, 22 Ky. Law · Rep., 745 (58 S. W., 709.) In this view of the case it is immaterial that the nonresidents in the suit by appellee to quiet title may yet have time to answer and set aside the judgment, as they can not, so far as the facts appear herein, present a valid objection to the old action No. 32,754, from which appellee obtained title. We conclude, therefore, the answer of appellant, Meddis, presented no defense to this action, and the demurrer thereto was properly sustained.

Judgment affirmed.