### Bamberger v. Green.

(Decided January 16, 1912.)

## Appeal from Jackson Circuit Court.

Judgment—Collateral Attack—Title—Action to Quiet—Judgment— Collateral Attack.—An attack upon a judgment rendered by a court of general jurisdiction in another action in which plaintiff was named as a party defendant, and pleaded by the defendant in bar of plaintiff's recovery, in an action to quiet title, is not direct but collateral, and can not be maintained unless the record of the proceedings show a want of jurisdiction.

W. PRATT DALE and W. H. CLARK for appellant.

A. W. BAKER and J. R. LLEWELLYN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In the year 1880, R. M. Green was indebted to Kahn, Wolf & Sons, Bamberger, Bloom & Co., and other merchants. For the purpose of securing the indebtedness, he and his wife, Julia C. Green, executed, acknowledged and delivered to them a mortgage on four tracts of land situated in Jackson County. Three of these tracts belonged to R. M. Green, while the fourth had been patented to R. M. Green in the name of his wife, Julia, and belonged to her. The indebtedness not being paid, the mortgagees instituted proceedings in the Jackson Circuit Court during the year 1881, to enforce their lien and subject the mortgaged property to the payment of their respective claims. The endorsement of the clerk on the petition, though somewhat blurred and illegible, shows that summons was issued. There were several continuances of the case. Later on there was a judgment of sale. The property was sold, and appellant, Julius Bamberger, as trustee for the creditors, became the purchaser, and a deed approved by the court was executed

to him by the commissioner. The case was then filed away.

In 1910, Julia C. Green, alleging that she had the legal title to and was in possession thereof, brought this action to quiet her title to the tract of land patented to her and embraced in the mortgage. Appellant answered and pleaded the judgment and other steps in the foreclosure proceedings, and his title thereunder, in bar of a recovery. Appellee replied that the judgment and all other proceedings were void because she was not served with summons and did not enter her appearance to the action by answer or otherwise. She also charged other irregularities in the proceedings, which it will not be necessary to set out at length. Upon submission of the case, appellee's title was quieted, and from that judgment so entered this appeal is prosecuted.

We deem it unnecessary to discuss the evidence bearing upon the questions of fact. The attack made by appellee upon the judgment in question is not direct but collateral. It is a well settled rule that domestic judgments rendered in a court of general jurisdiction can not be collaterally attacked unless the want of jurisdiction appears upon the record. Therefore, no evidence is admissible except that which is furnished by the record of the action wherein the judgment was rendered. The record in question does not show that appellee was not summoned or was not properly before the court. Therefore, it will be conclusively presumed that she was properly before the court, and this presumption can not be overcome by appellee's evidence to the effect that she was not served with process and did not enter her appearance by answer or otherwise. (Dennis v. Alves, 132 Ky., 345; Segal v. Reisert, 107 S. W., 747, 32 Ky. Law Rep., 901; Maysville & Big Sandy R. R. Co. v. Ball, et al., 108 Ky., 241; Jones v. Edwards, &c., 78 Ky., 6; Newcomb's Executors v. Newcomb, 13 Bush, 533; Berry v. Foster, 22 Ky. Law Rep., 745; Wilson v. Teague, 95 Ky., 47; Sears v. Sears, 95 Ky., 173.) As the judgment and proceedings thereunder must be held to be valid so far as this action is concerned, it follows that they constitute a bar to a recovery by appellee. Her only remedy is by an action directly attacking the judgment.

Judgment reversed and cause remanded, with direction to dismiss the petition.