## Steel v. The Stearns Coal & Lumber Company, et al.

(Decided May 16, 1912.)

### Appeal from Wayne Circuit Court.

1. Judgment—Collateral Attack—Warning Order.—When a judgment is attacked collaterally thirty years after it is rendered, it will be presumed that the warning order in the action was made upon a proper affidavit, although none appears in the record now.

2. Warning Order—Presumption as to.—When in 1872 a warning order was made and no action was taken under it and in 1880 an-

other warning order was made, it will be presumed that when the second order was made a sufficient showing was made to warrant the court in entering the order.

W. R. CRESS & SON for appellant.

JOSEPH BERTRAM, HARRISON & HARRISON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On September 27, 1866, William Carson purchased from E. B. Rice a tract of land in Wayne county and executed to Rice for the purchase money, his note for $300.00 due in two years. The note was afterwards assigned to William Koger. William Carson died prior to the year 1872, and on October 24, 1872, Koger brought a suit against the widow and children of William Carson to enforce his lien on the land. One of Carson's daughters, Lurana H. Steel, was a non-resident of the State and was proceeded against by warning order. No judgment was rendered until the year 1880, when a judgment was entered for a sale of the land to satisfy the debt. The sale was made in January, 1881, it was reported to the court and confirmed and a deed was made to Koger who held the land until his death some six or eight years ago. After his death, his heirs at law sold and conveyed the land to J. H. Gibson and W. A. Kinney, who are the remote vendors of The Stearns Coal & Lumber Company and The New Domain Oil & Gas Company. Lurana H. Steel brought this suit on August 24, 1910, against these companies to recover her part of the land as heir at law of her father, on the ground that she was not before the court in the action referred to and that the judgment as to her was void. The circuit court dismissed her petition and she appeals.

The record of that case has been brought up with the the transcript of this appeal. It appears from that record that on the day the petition was filed, the clerk made a warning order against Lurana H. Steel and her husband, Hobson Steel, and appointed J. J. Richardson, a regular practicing attorney, to correspond with them. It is insisted that this warning order is void because there is no affidavit in the record to support it. There is written upon the petition, evidently in the hand writing of the draftsman, an affidavit for a warning order, but Koger seems to have signed the petition and not the

affidavit. In other words, it would seem from an inspection of the paper that Koger signed it in the wrong place. It is insisted for Mrs. Steel that as Koger did not sign the affidavit it is not an affidavit within the meaning of the Code, although the jurat signed by the clerk appears on the paper, and the affidavit otherwise conforms to the statute then in force. It is also insisted that as the record shows a defective affidavit it cannot be presumed that a sufficient one was filed. But we do not deem it necessary to pass upon this question. The suit was filed in 1872, but no steps seem to have been taken upon this warning order. In April, 1880, another warning order was made and another person appointed warning order attorney. This attorney filed his report and, after this, the case was duly submitted and the judgment rendered. It must be presumed that when the court directed the second warning order to be entered, it had before it proof sufficient to warrant the entry of that order. It cannot be presumed that the court made its order upon a defective affidavit filed in the action eight years before, but, on the contrary the presumption should be that the warning order made in 1872 was ignored because deemed irregular and that a new warning order was entered to bring the defendant before the court. More than thirty years have elapsed since the judgment in that case was rendered and every presumption should be indulged after so great a lapse of time, in favor of the regularity of the proceeding.

In Meddis v. Dellinger, &c., 112 Ky., 500, there was no warning order in the record, although there was an endorsement on the petition attested by the clerk, that a warning order had been made. It was held that it must be presumed that the warning order was properly made and had been lost out of the papers.

In Newcomb's Ex'rs. v. Newcomb, 13 Bush, 544, there was a warning order in the record but no affidavit to support it, and it was held that it must be presumed that a proper affidavit had been filed and lost out of the record.

In Sears v. Sears, 95 Ky., 173, a warning order was made upon a defective affidavit. In that case the affiant signed the affidavit but the officer did not sign the jurat. The court held that because it found attached to the petition an imperfect affidavit it was not thereby percluded from presuming the existence of another and perfect one. The court said:

"But aside from all this, in collateral proceedings attacking the validity of a judgment, the rule is well established that where the record in which the judgment was rendered shows the service of a summons, whether actual or constructive—and the order of warning is the constructive summons—it imports absolute verity, and the judgment is conclusive until vacated or reversed in some direct proceeding."

In Wilson v. Teague, 95 Ky., 47, the clerk made a warning order before any affidavit was filed. After this the plaintiff swore to his petition which contained the necessary allegations. The attorney appointed to defend filed his report and the circuit court treated the warning order as sufficient. This was all the record showed, and after fifteen years the defendant attacked the judgment as void. This court, holding the judgment valid, said:

"It would be trifling with justice to now take the land away from the purchasers, whose money went to pay those debts, and give it to appellants freed from debt for which it was originally bound and sold, unless there be some inexorable rule requiring us to do so. Happily, there is no such rule. For, according to the facts stated, the order shows that it was made upon proof of non-residency, doubtless by plaintiff himself, "as an affidavit to his petition, but the clerk failed to writ it in the usual form; at least, to prevent an absolute defeat of justice, we should so presume, after this long lapse of time, and thus presuming, the order was erroneous merely, and not void; and as long as it stands unreversed the appellants are bound by it. Besides, the proper affidavit having been made and the court subsequently acting on the order of warning, we must presume that the order was re-entered and re-adopted by the court."

We do not see that the case before us can be distinguished from those cited.

Judgment affirmed.