# Cole, By et al. v. Lewis; Same v. Same.

(Decided September 25, 1914.)

Appeals from Letcher Circuit Court.

1. Descent and Distribution—Inheritance of Posthumous Child.—
Under section 1399 of the Kentucky Statutes, a child born of the
widow, within 10 months after the death of an intestate husband
and father, inherits from him in the same manner as if the child
were in being at the time of such death; and a judicial sale of
the father's land prior to the birth of the posthumous child, under
a judgment rendered in the lifetime of the father, will not deprive
the posthumous child of her interest in the land as the heir of
her father.

2. Infants—Lost Papers in Settlement Suit.—Guardian ad Litem.—
Where the papers of a settlement suit have been lost and the
order book shows that a guardian ad litem was appointed for
the infant of the decedent whose estate was in settlement, and
that the guardian ad litem filed his report for the infant defend-
ant, the court will presume, in the absence of satisfactory proof
to the contrary, that the chancellor entered the order appointing
the guardian ad litem after she had been served with process, as
required by the statute.

D. D. FIELDS & SON, D. I. DAY, F. G. FIELDS and T. L. EDE-
LEN for appellant.

IRA FIELDS for J. J. LEWIS, McLIN, KILBOURNE & CO. and
ISAAC DAY.

R. MONROE FIELDS for A. B. HALCOMB, et al.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing
the First Appeal and Affirming in the Second Appeal.

These two appeals, the first being by Bertha Cole by
Isaac Day as her next friend, and the other being by
Bertha Cole by L. W. Fields, her guardian, relate largely
to the same state of facts, and will be heard together.

Primarily, they grow out of an action brought by Mc-
Lin, Kilbourne & Co., to enforce a mortgage lien which
that firm held upon 348 acres of land of John T. Cole to
secure an indebtedness of $387.00. The mortgage was
executed on April 8, 1899, and matured December 8th
of the same year. Upon Cole's failure to pay his debt,
McLin, Kilbourne & Co. sued Cole for an enforcement
of their lien, and a sale of the land. Cole interposed a
plea of payment, and the action was transferred to the
common law docket for a jury trial of that issue. The

trial was had on September 6th, 1900, and resulted in a verdict against Cole. On the next day Cole filed grounds and entered a motion for a new trial; and without passing upon that motion, the court transferred the case back to the equity docket, and at once entered a judgment for the debt and a sale of the land to satisfy it. Since the judgment appealed from set aside said sale at appellant's request, she was not prejudiced by the sale; and the irregularities suggested in connection with the sale need not be reviewed.

Nine days later on September 16, 1900, Cole married Minerva Day. Cole died on December 21, 1900, leaving Minerva, his widow, pregnant. The child which was born to her on July 19, 1901, is the appellant, Bertha Cole.

In December, 1900, Isaac Day, the father of the widow, Minerva Cole, qualified as administrator of J. T. Cole's estate; and at the February Term, 1901, of the Letcher Circuit Court, the action of McLin, Kilbourne & Co. v. Cole was revived against Minerva Cole, the widow, and Isaac Day as administrator. Subsequently, and at the same term, an order was entered directing the Commissioner to sell the land in accordance with the original judgment, and this the Commissioner did on June 3, 1901, the widow, Minerva Cole, becoming the purchaser for the sum of $200.00. The judgment recited that the amount to be raised was $387.00, with interest, and the cost of the action; and it is alleged that the land was worth at least $2,500.00.

Bertha Cole was born sixteen days after the sale. On September 3rd, pursuant to an order of court, the Commissioner executed a deed to Minerva Cole, the purchaser. In May 1904 Minerva Cole married D. B. Day; and, on January 4, 1905, Minerva and her husband conveyed the land which she had bought at the Commissioner's sale to the defendant J. J. Lewis for $1,050.00.

Three equitable actions resulted.

(a) In 1901 Isaac Day as administrator of John T. Cole filed a petition in the Letcher Circuit Court against Minerva Cole and others to settle the estate of J. T. Cole, deceased. For convenience this suit will be called the "Administrator's Settlement Suit." The papers in that case having been lost beyond recovery, we are unable to say with certainty who were the defendants in that action. The return upon the original process shows that service of process was had upon

Minerva Cole, John Holcomb, William K. Kilbourne and M. C. Fields, who are therein styled defendants. The creditors of John T. Cole, however, proved their claims against the estate and thereby became parties to the settlement suit. It is clear that Bertha Cole was not made a party defendant to the original petition. It is contended, however, by the appellee, that Bertha Cole was brought before the court by an amended petition subsequently filed on September 4, 1901; a question which will be considered later.

The administrator's settlement suit proceeded to judgment on December 6, 1901, whereby the indebtedness of John T. Cole, deceased, was fixed at about $1,400.00. The administrator had received the proceeds of a life insurance policy amounting to $1,500.00, and $185.00 upon a judgment against Creech. After paying the preferred claims and the cost of administration, the administrator distributed the balance in his hands among the creditors, which amounted to twenty-seven per cent of their several claims as fixed by the judgment.

(b) In 1911 Isaac Day, the grandfather of Bertha Cole, brought an action in her name by himself as her next friend, against the defendant Lewis, seeking a cancellation of the Commissioner's deed to Minerva Cole, and the deed from Minerva Cole Day and her husband to Lewis; and for a settlement of the estate of John T. Cole and a sale of the land to pay his debts. Instead of bringing this action against the creditors of John T. Cole, the creditors were joined with the infant as parties plaintiff. This action resulted in a judgment on July 25, 1911, which canceled the two deeds above referred to, but gave Lewis a first lien for $1,050.00 which he had paid for the land, and directed a sale of the land as a whole to pay the debts of the creditors as above indicated, including Lewis' preferred claim.

The first appeal now under consideration was taken from so much of said judgment as allowed Lewis a preferred claim for $1,050.00. For brevity this action will be referred to as the suit by the next friend.

(c) On June 26, 1912, Bertha Cole, by L. W. Fields as her guardian, instituted an equitable action against John J. Lewis, Minerva Day, Isaac Day, administrator, and the creditors of John T. Cole, in which all the facts pertaining to the litigation in the preceding cases as above narrated were set up, followed by a prayer that the deeds from the Commissioner to Minerva Cole, and from Min--

erva to Lewis, be canceled; that Bertha Cole be adjudged the owner of the entire tract of land in question, subject to the dowable interest of her mother, and to a lien for the balance of the judgment in favor of McLin, Kilbourne & Co.; that the judgment of December 6, 1901, in the administrator's suit be set aside in so far as it allowed the debts enumerated therein as valid claims against the estate of John T. Cole, deceased; that the judgment rendered July 25, 1911, in the suit by the next friend be set aside in so far as it sustained the claim of defendant Lewis for $1,050.00; that Isaac Day be required to settle his accounts as administrator; that the several creditors of J. T. Cole be required to present their claims duly proved as required by law, and that the land in question be sold as a whole and the proceeds applied, (1) to the payment of dower; (2) to the debts of J. T. Cole, deceased; and (3) that the balance of the proceeds be turned over to the guardian of the plaintiff for her maintenance and education. It is alleged that the land, by reason of its character, cannot be divided, or that dower cannot be assigned therein without materially affecting its value; and these allegations have been amply sustained by the proof.

This action, which for brevity will be called the suit by the guardian, proceeded to a judgment on September 3, 1913, by which the chancellor held that the sale of the land under the judgment rendered in the action of McLin, Kilbourne & Co., against J. T. Cole, and which was made after the death of said Cole and without a revivor of the action against the plaintiff Bertha Cole, his only child and heir, was void and passed no title to the purchaser, Minerva Cole; that Bertha Cole was the owner of said land subject to the payment of the mortgage debt due McLin, Kilbourne & Co., and to the payment of the debts still due and owing by said J. T. Cole's estate; that the widow Minerva Cole was entitled, under her purchase of said land at the Commissioner's sale, to be subrogated to the rights of the mortgagee, McLin, Kilbourne & Co., to the extent of $200.00; that the defendant J. J. Lewis was entitled, under his purchase of said land from Minerva Cole Day, to be subrogated to her rights as purchaser to the extent of $200.00; that the judgment rendered December 6, 1901, in the administrator's suit against Minerva Cole and others was binding upon the infant in so far as it fixed the amount of the indebtedness against said Cole's estate, aggregat-

ing $1,397.89 as above shown, less twenty-seven per cent thereof which had been theretofore paid; that the judgment rendered July 25, 1911, in the suit by the next friend and others as plaintiffs, against J. J. Lewis and others as defendants, should be and was set aside for the reason that it erroneously allowed Lewis a lien for $1,050.00, the amount he had paid Minerva Day for said land, and for the further reason that said judgment erroneously directed a sale of the infant's real property in a suit instituted by a next friend; and finally, it directed a sale of the land as a whole, the proceeds to be applied to paying, (1) the widow's dower, (2) the debts above specified, and (3) the remainder to be turned over to the guardian for the support and maintenance of the infant.

The second appeal is taken from the judgment in the guardian's suit last recited, the principal complaint upon this appeal being against so much of the judgment as upheld the judgment in the administrator's suit fixing the amount of the indebtedness against the estate of John T. Cole.

1. We will first determine the effect of the sale in the original suit of McLin, Kilbourne & Co. against John T. Cole. That Bertha Cole, although a posthumous child, was the owner of the land in question as the heir of her father, is of easy determination.

Section 1399 of the Kentucky Statutes reads as follows:

"A child born of the widow, within ten months after the death of the intestate, shall inherit from him in the same manner as if he were in being at the time of such death."

Under this statute Bertha Cole was the heir of her father and entitled, by descent, to the land he left, subject to the widow's dower and the payment of the debts of the decedent; and she could not be deprived of her right except by a valid proceeding to which she was a party. The fact that legal proceedings were had and a sale made thereunder in good faith, and without making her a party defendant, could not deprive her of her interest in her father's land. Massie v. Hiatt's Admr., 82 Ky., 319. It follows, therefore, that the sale in the suit of McLin, Kilbourne & Co. did not affect the interest of Bertha Cole in the land in question, and that the judgment in the suit by the guardian was correct in this respect.

2. But was the judgment correct in holding that Bertha was concluded by that portion of the judgment in the administrator's suit which fixed the indebtedness against her father's estate?

It is contended by Bertha Cole that she was not a defendant in the suit of the administrator. As heretofore stated, she was not made a party defendant to the original petition; but by an order entered on September 4, 1901, it is shown that the plaintiff came by counsel "and filed an amended petition." A subsequent order entered December 2, 1901, reads as follows: "On motion of the plaintiff's counsel R. L. Eversole is appointed guardian *ad litem* of the infant of John T. Cole to-wit, Bertha Cole."

And an order entered the next day shows that R. L. Eversole filed his report as guardian *ad litem* for the infant defendant Bertha Cole.

As above stated, the pleadings and papers in said suit have been lost; we have only such portions of the record as are shown by the order book. It is contended by appellant that since the record fails to show that Bertha Cole had been summoned before the guardian *ad litem* was appointed, his appointment was void, and his report was of no effect. On the other hand, it is contended that since the record does not show anything upon the subject of the service of process upon Bertha Cole, this court will presume that the chancellor properly acted and had jurisdiction to make the appointment of the guardian *ad litem* at the time it was made. It is true the clerk of the court has given his deposition in which he shows that the other defendants were served upon the original petition, and that Bertha Cole was not a party to that petition. The record, however, shows that the guardian *ad litem* was appointed more than sixty days after the filing of the amended petition. Under this state of the record the rule which raises a presumption of the regularity of the action of the trial court must be given effect. We must assume, in the absence of satisfactory proof to the contrary, that the chancellor entered the order appointing the guardian *ad litem* for the infant defendant after she had been served with process, as required by the statute. Johnson v. McDyer, 11 Ky. L. R., 28; 9 S. W. 778. We conclude, therefore, that Bertha Cole was a party to the suit by the administrator, and that the judgment in that action fixing the debts against her father's estate is binding upon her.

It follows, therefore, that since the judgment in the guardian's suit granted all the relief prayed by the infant, except in the respect last above indicated, and that the court's ruling was correct in that respect, the judgment in the suit by the guardian will have to be affirmed.

The proceedings in the suit by the next friend were unauthorized by law, for the reasons stated in the judgment in the guardian's suit, as above recited; and as the judgment in the guardian's suit has been affirmed, thereby disposing of all the questions raised upon either appeal, the appeal in the action by the next friend is dismissed.