## Dye Brothers v. Butler.

(Decided May 22, 1925.)

### Appeal from Warren Circuit Court.

1. Judgment—Judgment of Court of General Jurisdiction Presumed Valid on Collateral Attack.—Every presumption is in favor of validity of judgment of court of general jurisdiction on collateral attack, and it is void only if absence of jurisdictional facts affirmatively appears of record.

2. Venue—Action for Money Due on Contract is Transitory.—Action for money due on contract is transitory.

3. Venue—Circuit Court of County in which Corporation was to Perform Contract has Jurisdiction of Action for Money Due on Such Contract.—Action for money due on contract with a corporation to be performed in a certain county, was properly filed in circuit court of such county under Civil Code of Practice, section 72, and that court has jurisdiction of the subject matter.

4. Judgment—On Collateral Attack, Record Held Not to Affirmatively Show that Contract was Not to be Performed in Certain County.—Record in action against corporation, for money due on contract, does not affirmatively show that contract was not to be performed in county of suit, so as to render judgment open to collateral attack, where petition alleged that contract was to be performed on corporation's property in such county, and that services were performed on corporation's property in such county, and that services were performed in another county, and also on other lands, without locating them.

5. Corporations—Warning Order Not Necessary, if Corporation has Agent in State on Whom Summons May be Served.—Warning order is not necessary in action against foreign corporation, if it has agent in state on whom summons may be served.

6. Corporations—Service of Attachment and Summons on Agent in One County will Give Circuit Court of Another County Jurisdiction of Corporation.—Where circuit court of A. county had jurisdiction of subject matter, service of attachment and summons on agent of foreign corporation in W. county gives circuit court of A. county jurisdiction of corporation.

7. Judgment—Judgment of Domestic Court of General Jurisdiction is Not Void on Collateral Attack Because Summons is Not Returned.—Judgment of domestic court of general jurisdiction, having jurisdiction of subject matter, is not void on collateral attack because there is no return of summons, and, as a consequence, record is silent as to whether summons was served on defendant.

8. Judgment—Rule that Service is Presumed if Record is Silent Not Confined to Ancient Records.—Rule that service is presumed, on collateral attack on judgment where record is silent, is not confined to ancient records.

9. Judgment—Clerk's Testimony is Incompetent to Show Service of Summons when Record is Silent as to Service.—It is presumed, on collateral attack on judgment, that party was summoned when record is silent as to service, and clerk's testimony from memory and dehors the record is incompetent to show that there was no return of service.

HARPER & DENTON for appellant.

OLIVER & DIXON and GAINES & GARDNER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an action by appellee to quiet his title to a tract of land in Warren county against appellants' claim of right to operate thereon for oil.

Appellants claim this right through a deed from the commissioner of the Allen circuit court conveying to them an oil lease on the land, executed by appellee to the Tuckney Oil Corporation. Demurrers were sustained to appellants' pleadings asserting title to the lease, upon the theory that the judgment of the Allen circuit court in the case of Dye Bros. v. Tuckney Oil Corporation, under which the lease was sold and conveyed to appellants. was void because the court was without jurisdiction of either the subject matter or the defendant. Whether or not this is true is the only question presented for decision by this appeal.

As this is a collateral attack upon the judgment of a court of general jurisdiction, every presumption is in favor of its validity, and it is void only if the absence of jurisdictional facts affirmatively appears of record. Steele v. Stearns Coal & Lumber Co., 148 Ky. 429, 146 S. W. 721; Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109; Caudle v. Luttrell, 183 Ky. 551, 209 S. W. 497.

The action was for money alleged to be due on a contract, and therefore transitory. But it was against a corporation, and if the contract was to be performed in Allen county, then by express provision of section 72 of the Code, the action was properly filed in the Allen circuit court, and that court had jurisdiction of the subject matter. City of Covington v. Limerick, 40 S. W. 254, 19 R. 330; Winn v. Carter Dry Goods Co., 102 Ky. 370, 14 S. W. 436; Glasscock v. Louisville Tobacco Warehouse Co., 103 S. W. 319.

The petition alleges the contract was to be performed "upon the various properties of the defendant, located in Allen county, Kentucky," and that, in pursuance of that contract, wells were drilled upon defendant's lease on D. C. Butler's land in Warren county, and its leases on the lands of Brown, Hill and Pearson, without stating where their lands are located.

It is argued for appellee that, considering all of these allegations, it does not appear that the contract was to be or could have been performed in Allen county. This might be true if we were considering the petition upon a demurrer where the presumptions are against the pleader, but as upon this consideration all presumptions are in favor of the court's jurisdiction to render the judgment attacked as void, and it is alleged the contract was to be performed in Allen county and it does not appear it was not so performed except as to the Butler lease, it cannot be said it affirmatively appears from the record that the contract was not to be performed in Allen county.

Hence there is no merit in the contention that the Allen circuit court was without jurisdiction of the subject matter of the action.

It is next insisted that the court never acquired jurisdiction of the defendant Tuckney Oil Corporation, because it was alleged in the petition that it was a foreign corporation and there was no warning order, that the only summons issued against it was directed to the sheriff of Warren county, and was not returned.

There was no necessity for a warning order against the defendant, although a foreign corporation, if it had an agent in this state upon whom summons could be served, and it not only does not affirmatively appear from the record it had no such agent in the state, but on the contrary it appears therefrom that it had such an agent

in Warren county, upon whom the attachment was in fact served. And, as the court had jurisdiction of the subject matter of the action, the summons issued to Warren county, if served there upon the company's agent in that county, upon whom the attachment was served, would also have given the Allen circuit court jurisdiction of the defendant.

Hence the only remaining question is whether the judgment of a domestic court of general jurisdiction, having jurisdiction of the subject matter, is void on collateral attack because there is no return of the summons, and as a consequence the record is silent as to whether the summons was served on the defendant.

This precise question has uniformly been answered in the negative by this court in a great many cases, some of which are: Northington v. Reed, 75 S. W. 206, 25 R. 354; Jones v. Edwards, 78 Ky. 6; Maysville and B. S. R. Co. v. Hall, 108 Ky. 241, 56 S. W. 188; Segal v. Reisert, 128 Ky. 117; Dennis v. Alves, 132 Ky. 345, 113 S. W. 483, 117 S. W. 287; Bamberger v. Green, 146 Ky. 258, 142 S. W. 384; Farnsworth v. Barrett, 146 Ky. 556, 142 S. W. 1049; Cole v. Lewis, 159 Ky. 747, 169 S. W. 490; Anderson's Committee v. Anderson's Admr., 161 Ky. 18, 170 S. W. 213; Wallace, Jr. v. Lackey, 173 Ky. 140, 190 S. W. 709.

In the last named case, the rule is thus stated:

"If the record is merely silent as to some jurisdictional fact, as a want of a summons upon some party to the suit, it will be presumed that the party was duly summoned, or else the judgment would not have been rendered."

In support of this statement of the rule, some of the cases, *supra,* as well as many others from this court, are cited, and this is the rule generally recognized on collateral attack. Freeman on Judgments, section 124; 1 Black on Judgments, section 271; Van Fleet on Collateral Attacks, section 855; 34 C. J. 541.

None of the cases relied upon by appellee is applicable, since in all of them the attack upon the judgment was by appeal, and, therefore, a direct attack governed by an entirely different rule. Neither is this rule confined to cases involving ancient records, since it is applicable alike and was applied in many of the cases, *supra,* where the record was recent and the record, as here, was simply

silent as to whether or not the summons was served. Nor is the evidence of the clerk competent to prove from memory, and dehors the record, that there was in fact no return of service, as will be seen from many of the cases, *supra,* and as the rule itself clearly implies.

Hence the court erred in holding appellants' deed to the lease on appellee's land void, and in sustaining demurrers to their answer and rejoinder, as well as in rendering the judgment against them because of their refusal to plead further.

Wherefore, the judgment is reversed, and the cause remanded with directions to overrule these demurrers, and for proceedings not inconsistent herewith.