### RICHARD v. FRANKLIN COUNTY DISTILLING CO., Inc., et al.

#### No. 222.

District Court, W. D. Kentucky, Louisville Division.

April 16, 1941.

514

Cary & Abell, of Louisville, Ky., for plaintiff.

Leslie W. Morris and Marion Rider, both of Frankfort, Ky., and S. S. Fantis, of Lexington, Ky., for Franklin County Distilling Co., Inc.

Breed, Abbott & Morgan, of New York City, and Bruce & Bullitt, of Louisville, Ky., for National Distillers Products Corporation.

MILLER, District Judge.

The plaintiff W. S. Richard brought this action to recover damages of the defendant Franklin County Distilling Company, Inc., arising out of an alleged breach by the defendant of its contract of employment with the plaintiff. The employment contract referred to was entered into on November 3, 1938, and was to run for a period of three years. The petition states that on September 11, 1940, the defendant sold and transferred to its codefendant, National Distillers Products Corporation, all its real estate, including its distillery, warehouses and bottling plant, all of its most valuable and best-known brands and trade-marks and most of the whiskey owned by it, and amended its corporate name so as to discontinue its use of its previous name which was associated with the brands and trade-marks so transferred. Plaintiff claims that it was thereafter impossible for the defendant to fill the orders secured by the plaintiff in the performance of his employment contract. He states that the sale and transfer of its assets by the defendant to the National Distillers Products Corporation was otherwise than in the ordinary course of trade and came within the provisions of the Bulk Sales Law of Kentucky, Kentucky Statutes, Section 2651a-1 through 7. By reason of the provisions of that law the National Distillers Products Corporation was made a party to the suit with the prayer that it be required to pay any judgment rendered against the Franklin County Distilling Company. The petition states that the plaintiff is a citizen of Kentucky. The record does not disclose whether he resides in the Western District or in the Eastern District of Kentucky, but it is assumed for the purposes of the present ruling, as was assumed by counsel in their oral argument, that he is a resident of Louisville, Kentucky, which is in the Western District. The Franklin County Distilling Company is a Delaware corporation with its only office and place of business in Franklin County, Kentucky, which is in the Eastern District of Kentucky. The National Distillers Products Corporation is a Virginia corporation with its principal place of business in Louisville, Kentucky, which is in the Western District, where this action was filed. The defendant Frank-

lin County Distilling Company pleads as its first defense that the court lacks jurisdiction. The matter is before the court on that question.

■ The question is controlled by Section 51 of the Judicial Code, Section 112, Title 28 U.S.C.A., which provides that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suits shall be brought only in the district of the residence of either the plaintiff or the defendant." Under this section the venue of this action is in the Western District where the plaintiff resides, since both defendants are foreign corporations and are not residents of the State of Kentucky even though engaged in business therein. In re Keasbey & Mattison Co., 160 U.S. 221, 229, 16 S.Ct. 273, 40 L. Ed. 402; Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633. Does process issued from the Western District, directed to the Marshal of the Eastern District, and served in the Eastern District on the defendant Franklin County Distilling Company, bring that defendant before the court? Plaintiff claims that jurisdiction is thus acquired under Rule 4(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides "all process other than a subpœna may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state." Before the enactment of that rule it was well settled that in the absence of a federal statute service of process outside of the District was void. Toland v. Sprague, 12 Pet. 300, 9 L.Ed. 1093; Munter v. Weil Corset Co., 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119; Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289. If Rule 4(f) stood by itself it would seem clear that process served in the Eastern District would now be valid. But Rule 4(f) must be considered in conjunction with Rule 82, 28 U.S.C.A. following section 723c, which provides "these rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." The joint effect of these two rules was considered by this court in Carby v. Greco, 31 F.Supp. 251, in which it was held that jurisdiction was not obtained over a defendant served in the Eastern District in

an action instituted in the Western District. Reference is made to the opinion in that case for a more detailed discussion of the reasons for the conclusion reached. Plaintiff urges upon the court that its previous ruling in the Carby case should be reconsidered and revised, in light of the more recent opinion of the Supreme Court in Sibbach v. Wilson & Co., 61 S.Ct. 422, 85 L.Ed. ——, decided January 13, 1941. That case had under consideration the validity of another rule and is in point only in so far as it holds that the Federal Rules of Civil Procedure, including Rule 4(f), have the force and effect of a statutory enactment. Plaintiff therefore contends that Rule 4(f) is a statutory enactment and therefore supercedes the earlier rule established by the case above referred to. I agree that Rule 4(f) has the effect of a statutory enactment, but this also means that Rule 82 likewise has the effect of a statutory enactment. Accordingly, the question still remains for decision as to the combined effect of both Rules 4(f) and 82. This question will no doubt repeat itself often and it is hoped that it will be ruled upon by one of the higher courts in the near future, as it should be applied uniformly throughout the federal courts. In the absence of any such ruling at the present time, and in view of conflicting decisions from District Courts, I see no reason to depart from my former holding in Carby v. Greco, supra.

■ The plaintiff has obtained jurisdiction over the defendant, National Distillers Products Corporation, by service upon that corporation while engaged in business in this district. But this does not permit the plaintiff to join with it and obtain jurisdiction over another foreign corporation which could not be sued in this District if suit was instituted against it alone. The right of a defendant to object to the venue or place of trial is not affected by the fact that a co-defendant is properly before the court. Gotter v. McCulley, D.C., 292 F. 382; Hardin v. Southern Ry. Co., D.C., 300 F. 417, and cases therein cited. Nor is jurisdiction acquired by reason of the provisions of Section 52 of the Judicial Code, Section 113, Title 28 U.S.C.A., which provides that "if there are two or more defendants, residing in different districts of the State, it may be brought in either district." This section has reference to defendants who are inhabitants of the state and who reside in different districts of the state. A corporation is a resident of the

state in which it is incorporated and not a resident or inhabitant of any other state, although it may be engaged in business within such other state. Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific Ry. Co., supra. Accordingly, neither defendant in this case is either an inhabitant or resident of the state of Kentucky. Plaintiff contends that the court's ruling will prevent it from bringing an action against the Franklin Distilling Company in any federal court in Kentucky, although he is a citizen and resident of Kentucky, and although the defendant is engaged in business in Kentucky. This is true but it is because the statutes fixing venue of actions have so provided. The plaintiff suffers no real detriment because it can bring its action against this defendant in the proper federal District Court in Delaware, where the defendant is incorporated. The statutes controlling venue of actions are as much for the protection of the defendant as they are for the convenience of the plaintiff. If this defendant prefers to be sued in Delaware rather than in the Western District of Kentucky it is its privilege to insist on that right. If the defendant prefers to be sued in the Eastern District of Kentucky rather than in the Western District of Kentucky or in Delaware, as was indicated by counsel's remarks during the argument, and plaintiff is willing to have it tried in the Eastern District of Kentucky, that result can no doubt be reached by filing the action in the Eastern District of Kentucky, serving the defendant in that District, and by a waiver of venue on the part of the defendant. Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252. The present action is according to the Kentucky decisions a transitory one rather than of a local nature. Dye Bros. v. Butler, 209 Ky. 199, 272 S.W. 426; Smith v. Wells, 271 Ky. 373, 112 S.W.2d 49. The plaintiff also has readily available to it its action in the proper state court in Kentucky.

▬ Although the court for the Western District of Kentucky does not have jurisdiction over the Franklin County Distilling Company, it is not, however, deprived of jurisdiction to proceed with the action as to the defendant National Distillers Products Corporation. Section 50, Judicial Code, Section 111, Title 28 U.S.C.A.

The plea of the defendant Franklin County Distilling Company to the jurisdiction of the court is accordingly sustained. Counsel for plaintiff will prepare an appropriate order to be filed.