CASE 40—ACTION BY JOHN S. DENNIS AND OTHERS AGAINST WALTER ALVES AND OTHERS TO SELL LAND.—November 13, 1908.

Dennis, &c. v. Alves, &c.

Appeal from Henderson Circuit Court.

J. W. Henson, Circuit Judge.

Judgment for defendants. Plaintiffs appeal.—Affirmed.

1. Executors and Administrators—Sale of Realty—Presumption of Jurisdiction.—The record, in proceedings by an executor to sell the estate, not affirmatively showing that infant defendants were not summoned and appeared before the court merely being silent on that question, it will be presumed on collateral proceedings that they were summoned, and that the court would not have rendered a judgment of sale unless. they were properly before the court.

2. Executors and Administrators—Sale for Debts—Order—Jurisdiction. Where all the persons interested in the estate were. made parties, the court had jurisdiction, so that a judgment, in proceedings by an executor to sell the estate for payment of debts, was not void, even though erroneous, and hence the purchaser at the sale would acquire good title.

Dennis, &c. v. Alves, &c.

## ON REHEARING.

3. Judgment—What Constitutes Collateral Attack—Judgment Pleaded as Link in Chain of Title.—Where a judgment constitutes a link in the parties' chain of title to land in question, and is pleaded by them, a contention by the adverse parties that the judgment was void for want of jurisdiction is a collateral attack on it, and unless it is void for want of jurisdiction, either of the subject-matter or of the persons involved in the litigation, the attack is in vain.

4. Executors and Administrators—Sales to Executor—Validity.— The fact that an executor purchased land of the estate at a sale procured by his instrumentality to settle the estate would not make the purchase void.

THOS. E. WARD and F. M. HUTCHESON for appellants.
MONTGOMERY MERRITT for appellees.

## POINTS AND AUTHORITIES.

1. Has the circuit court, in a suit to settle the estate of decedent, jurisdiction to sell infant's real estate to pay debts, or for any other purpose, when the prayer of the petition does not ask for a sale of the land? (Redfield v. Mutual Ins. Co., 12 Bush 434; Rowland Coal and Iron Works v. Brown, 13 Bush 681-8; Adams Express Co. v. Milton, 11 Bush, 49-51; Miller v. Allen, 20 Ky. Law Rep. 463.)

2. Has the court jurisdiction, in such case, to sell infant's real estate to pay debts, when the record shows that there is in the hands of the executor, a large amount of money arising from the sale of personal property and rents, without applying the cash in hand to paying liabilities, when the will says that the debts shall be paid by a sale of the personalty and from the rents? (Civil Code, sec. 429; sub-sec. 1, sec. 492; Elliott v. Fowler, 112 Ky. 376 and authorities cited; Auxier v. Clark, 28 Ky. Law Rep. 890.)

3. Is it sufficient in making an answer, a cross petition against persons not already parties to the suit, to take an order of court, making the answer a cross petition, without naming them in the caption or body of the answer or praying any relief against them? Civil Code, sections 90, 110, 97, sub-sec. 3, of section 96.)

4. Can the executor of an estate who brings a suit to settle the estate, and has land sold to pay debts, buy the land himself? Cyc., vol. 18, pp. 236-237; Stapp v. Toer, 3 Bibbs 450; Price v.

Dennis, &c. v. Alves, &c.

Thompson, 84 Ky. 236; Bank v. Grey, 84 Ky. 565; Penn v. Rhodes, 30 Ky. Law Rep. 997; Handlin v. Dorris, 81 Ky. 34.)

5. Does estopple apply to infants?    (Cyc. vol. 22, p. 610; Cyc. vol. 16, p. 722; Ricketts v. Scothorn 794.)

6. Can the step-paper in a suit be used as evidence?    (Section 379 Ky. Statutes; Civil Code, 670; Robertson v. Moberly, 1 Bush 197.)

### AUTHORITIES CITED.

1. Void and voidable judgments.    (Jones, &c. v. Edwards, &c., 78 Ky. 8; Freeman on Judgments, sec. 124; Black on Judgments, vol. 1, sections 271, 275, 278; Sorrel v. Samuels, &c., 49 S. W. 762.)

2. Equitable estoppel.    (Bull v. Sevier, &c., 88 Ky. 523; Wilmore v. Stetler, 137 Indiana 127, 45 Am. St. Rep. 169; Goodman v. Winter, 64 Alamaba, 410.)

3. Limitation.    (Civil Code, sec. 391; Ky. Statutes, sec. 2506.)

4. Effect of answer of guardian ad litem.    (Bell v. Smith, &c., 49 S. W. 188.)

Opinion of the Court by Judge Barker.—Affirmed.

The appellants instituted this action against Walter Alves and his co-appellees, alleging that they are the owners and entitled to the possession of a farm in Henderson county, Ky., called the "Point Place;" that the defendants are in the wrongful possession of this property, and unlawfully detaining it from the real owners, and they prayed for a judgment of the court that they were the owners and entitled to possession of the property. The defendants (appellees) answered, denying the title of the plaintiffs (appellants), and alleging ownership in themselves, and pleaded a judgment wherein the property was sold at judicial sale and purchased by their remote vendor, in bar of appellants' rights. They also pleaded the statute of limitations, and the issues were made up along these lines.

The first question in the case is whether or not the

court had jurisdiction of the plaintiffs (appellants) in the action above referred to, wherein the property was sold at judicial sale. Without striving at absolute accuracy of detail it may be said that the grandfather of appellants, John H. Stanley, was in his life time the owner in fee simple of the "Point Place," a farm of about 200 acres. He was, in addition, the owner of a large estate consisting mainly of real property. In 1878 he died, leaving a will which was duly and legally admitted to probate. By his will he devised the "Point Place" to his daughter, Lucy A. Dennis, the mother of appellants, for life, with remainder to her children. After the death of John H. Stanley, his son, James M. Stanley, qualified as executor of his will, and brought an action for the settlement of the estate of his testator, and for the payment of his debts and the distribution of his estate among his devisees. The estate was largely in debt, owing some $20,000. The personal property amounted to a good deal less, say something like $10,000. The petition alleged the insufficiency of the personal property to pay off the debts, and prayed for a sale of so much of the real property as was necessary to discharge the indebtedness. The appellants, who were infants of tender years, and were the remaindermen after the death of their mother, Lucy A. Dennis, were not made parties defendant to the original petition, but afterwards an amended petition was filed, alleging their interest, and that they were necessary parties to the litigation. Process was then awarded by the court, although the record does not show that summons was ever issued or served upon the infants. The record was necessarily large, and there were many other pleadings and cross-actions filed, setting up claims against the estate. Subsequently a judgment was rendered decreeing a

sale of "Point Place" by the commissioner of the court, and in pursuance of this judgment it was sold along with some of the other real property, and was purchased by the executor, James M. Stanley, for the sum of $7,365, which was paid into court and used for the purpose of extinguishing the indebtedness of the testator, a part of which was a mortgage debt due Mrs. F. Stratman for $3,000, which was a lien upon the "Point Place." As Lucy A. Dennis and her children, to whom this farm was devised, in this proceeding lost the whole devise by the payment of the debts of the testator, she subsequently filed an answer and made it a cross-petition against the other devisees of her father, praying that the property unsold in the action be redistributed and that she be made equal with the other devisees as far as that was possible. This was done, and 131 acres of land was set apart to her and her children, upon the same condition as the original devise—to her for life, and remainder to her children, the appellants. This property was afterwards sold at the suit of the guardian of the children in part for their maintenance, and in part to secure them a home in Henderson, Ky. One thousand six hundred dollars of the proceeds of the sale of the 131 acres was invested in the house and lot in Henderson, upon the same condition as the original devise to the mother for life, and remainder to the children. Four hundred dollars was paid over to each of the children in money. The balance was presumably expended in their education and maintenance. After the death of their mother, the life tenant, this action was instituted, as before stated, against the appellees, to recover the "Point Place." The appellees, it is admitted, have the same title to the property that was acquired by James M. Stanley, the purchaser at the

judicial sale, from whom they have derived it by regular devolution of title.

So the question recurs: Was the judgment in the case by the executor to settle the estate of John M. Stanley void as to the infant defendants (appellants)? This question turns upon the presumption which will be indulged in favor of the judgment of a court of general jurisdiction when collaterally attacked. It is admitted that the record is silent as to whether or not process was ever issued on the cross-petition, or, if issued, whether served upon the infant defendants. For the appellees it is insisted that, although the record is silent upon this crucial point, every presumption will be indulged in favor of the validity of the judgment; and, unless it is affirmatively shown that the infant defendants were not properly before the court, their rights were concluded by the judgment had, and the purchaser at judicial sale acquired their title to the land. To decide this question it is only necessary to ascertain the correct principle of law governing it.

In the case of Segal v. Reisert, 107 S. W. 747, 32 Ky. Law Rep. 901, 128 Ky. 117, we had occasion to examine the principle involved here with great particularity, and to review at considerable length the authorities bearing upon it, and after this review it is said in the opinion: "It would seem from these authorities that, where a collateral attack is made upon a judgment of a court of general jurisdiction, it is not sufficient to simply allege the absence of a jurisdictional fact; but it must be alleged that the record affirmatively shows the absence of the jurisdictional fact. This the answer in the case before us fails to do, and for aught that appears here the record in the case in which the property was sold may affirmatively show that the married

women were privily examined as required by section
495, Civ. Code Prac.; and if it does, or it would seem
even if it were silent upon the question, it must be con-
clusively presumed in favor of the judgment that the
privy examination was had.''

In the case of Maysville & B. S. R. R. Co. v. Ball,
etc., 108 Ky. 241, 56 S. W. 188, 21 K. L. R. 1693, a
collateral attack was made on a judgment upon the
ground that it was void for want of service of process
on the defendant  Upon this question the court said:
''The attack on the judgment is not direct, but collat-
eral. It is a well-settled rule that domestic judgments
rendered in a court of general jurisdiction cannot be
collaterally attacked unless the want of jurisdiction
appears upon the record.  Therefore no evidence is
admissible except that which is furnished by the
record of the action wherein the judgment was ren-
dered.  Of course the rule is otherwise when a direct
attack is made upon a judgment.  The answer that the
defendant was not served with process, and did not
appear in the action, etc., is insufficient, because it
also should have alleged that the record shows such to
be the case.  In Van Fleet, on Collateral Attack (sec-
tion 855) it is said: 'An answer to an action on a
domestic judgment, where special pleading is required
or attempted, must not only deny service and appear-
ance, but must allege what the record shows, or fails
to show, on these points.  *　*　*　Hence an answer
to an action on the record of any court must allege that
it does not show any service or appearance, and, if the
record is that of a superior court, it must allege that it
affirmatively shows a want of service.'  I Black,
Judgments, section 271, announces the same doctrine,
wherein it is said: 'When a party seeks in a collateral
action to impeach the judgment or decree of a court of

superior jurisdiction on the ground that he had no legal notice of the pendency of the action, it is necessary that he should allege in his pleading what, if anything, is shown by the record in relation to the issue and service of process, because, unless the record itself shows that the court never acquired jurisdiction of him, it will be conclusively presumed that the jurisdiction did attach.''

In the case of Jones, etc., v. Edwards, etc., 78 Ky. 6, the same question we have here arose, and it was said: ''The mere absence of evidence in the record of Peter F. Smith's executor against his devisees, etc., that two or three of his devisees had been summoned in the action is not sufficient to enable the appellees to make a successful collateral attack upon that record and shut it out as evidence in this case; and that it cannot be done has been substantially decided in the following adjudged cases: (Authorities omitted.)''

In Freeman on Judgments, section 124, it is said that: ''Nothing shall be intended to be out of the jurisdiction of a superior court but that which expressly appears to be so. Hence, though the existence of any jurisdictional fact may not be affirmed upon the record, it will be presumed, upon a collateral attack, that the court, if of general jurisdiction, has acted correctly and with due authority, and its judgment will be valid as though every fact necessary to jurisdiction affirmatively appeared. The decisions to this effect are very numerous.'' To the same effect are Miller v. Farmers' Bank, etc., 75 S. W. 218, 25 Ky. Law Rep. 373; Northington v. Reed, 75 S. W. 206, 25 Ky. Law Rep. 354; Berry v. Foster, 58 S. W. 709, 22 Ky. Law Rep. 746.

The record in the case in which the judicial sale was had does not affirmatively show that the infant

defendants (appellants) were not summoned and properly before the court; the record on this question being merely silent. Therefore, under the foregoing authority, we must presume that the court would not have rendered a judgment of sale foreclosing the right of the infants unless they were properly before the court; and, this being true, the judgment was not void, although it may have been erroneous.

It therefore follows that, so far as anything to the contrary appears in the case before us, the court had jurisdiction to make the sale of "Point Place," and that the purchaser acquired all the title in the land which the appellants then owned.

.   Judgment affirmed.