CASE 67.—PROCEEDINGS BY THE COMMONWEALTH BY PROCTOR K. WILLIS, AUDITOR'S AGENT, AGAINST THE CHESAPEAKE & OHIO RAILWAY CO., TO LIST OMITTED PROPERTY.—March 19.

## Commonwealth v. Chesapeake & Ohio Ry. Co.

Appeal from Greenup Circuit Court.

S. G. KINNER, Circuit Judge.

From a judgment dismissing the petition, the Commonwealth appeals.—Affirmed.

1.  Taxation — Assessment — Corporate Franchise — Property Omitted.—Defendant railroad leased and operated the M. road during certain years, during which time each road made separate reports to the State Auditor, but the board of valuation and assessment, acting upon the reports, made no separate assessment for its franchise against the M. road, but included everything in the franchise tax levied against defendant road. Held, that the board's action was a determina-

tion that the franchise of the M. road was of no value except as it was included in the assessment against defendant, so that it could not be said that its franchise was not assessed.

2. Taxation—Assessment—Review by Courts—Scope.—Upon review of the action of the board of valuation and assessment in assessing the property and franchise of a leased railroad against the lessee road, the court cannot inquire whether the board's action in doing so was proper, but only whether any property of the lessor road was omitted from assessment.

3. Taxation—Assessment—Corporate Franchise—Double Assessment.—Where, after the consolidation of a number of subsidiary and leased roads under the name of defendant railroad, which was owned by a Virginia corporation, all the intangible property, including its franchise of defendant corporation, was assessed against the Virginia corporation, defendant could not again be assessed on its intangible property, as such assessment would be a double taxation.

ALLAN D. COLE and E. L. FULLERTON for appellant.

WORTHINGTON, COCHRAN, & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

This is a proceeding instituted by Proctor K. Willis, as Auditor's agent, against the Chesapeake & Ohio Railway in Kentucky, in the Greenup county court, to list certain property claimed to be omitted. There was a judgment in the county court as prayed in the petition, but on appeal to the circuit court the petition was dismissed. The Commonwealth appeals.

The material facts are these: The Chesapeake & Ohio Railway Company in Kentucky is a corporation formed under section 841, Ky. Stats. The Maysville & Big Sandy Railway Company is a corporation formed under a special act of the Legislature, which leased its road to the Chesapeake & Ohio Railway Company, a Virginia corporation, many years ago.

In the year 1904 the two corporations, together with some others that were subsidiary to the Virginia corporation, were consolidated. Previous to the consolidation the Maysville & Big Sandy Railway Company made its report to the Auditor as required by the statute, and the Chesapeake & Ohio Railway Company, the Virginia corporation, made similar reports. The board of valuation and assessment for the years in controversy made no separate assessment against the Maysville & Big Sandy Railway Company for a franchise tax, but included everything in the franchise tax levied upon the Chesapeake & Ohio Railway Company. The proceedings of the board and the receipts given for the taxes show that the franchise of the Maysville & Big Sandy Railway Company was included and assessed in the taxes paid by the Chesapeake & Ohio Railway Company.

It is said that the board proceeded upon an erroneous view of the law; but, however it may be, the fact is that the board had all the facts before it, and it did thus assess the franchise tax of the Maysville & Big Sandy Railway Company. The action of the board was necessarily a judgment by them that the franchise of the Maysville & Big Sandy Railway Company was of no value outside of the matters which were included in their assessment. They did not omit the franchise of the Maysville & Big Sandy Railway Company from assessment; but with all the facts before them they held in substance that there was nothing more to assess. The law looks at the substance, and not at the mere form. All the tangible property of the Maysville & Big Sandy Railway Company was assessed to the Chesapeake & Ohio Railway Company, and the taxes on it were paid. The Maysville & Big Sandy Railway Company was simply a

subsidiary corporation to the Chesapeake & Ohio Railway Company. In so far as its tangible property was taxed in the hands of the Chesapeake & Ohio Railway Company, it should not have been taxed again, and the judgment of the board was in substance that everything that the Maysville & Big Sandy Railway Company had was taxed in the assessment made against the Chesapeake & Ohio Railway Company. We can not inquire whether the board acted properly or not. We can only inquire whether the property was omitted from assessment. The reports having been regularly made to the board, and the board having acted upon the reports, and made such an assessment as it saw proper, it can not be said that the franchise of the Maysville & Big Sandy Railway Company was omitted from assessment.

For the same reason we do not see that it can be said that anything has been omitted from assessment since the consolidation of the subsidiary companies under the name of the Chesapeake & Ohio Railway Company in Kentucky. The Chesapeake & Ohio Railway Company in Kentucky is the property of the Virginia corporation. Every dollar's worth of tangible property owned by it has been taxed as the tangible property of the Virginia corporation, and every dollar's worth of intangible property owned by it has been taxed to the Virginia corporation and constitutes a part of the intangible property of the Virginia corporation. To assess the Virginia corporation upon its intangible property, and then to assess the Kentucky corporation upon its intangible property, which was necessarily included in the first assessment, would be simply to assess the same property twice. In the recent case of Commonwealth v. C., St. L. & N. O. R. R. Co., 105 S. W. 127 32 Ky. Law Rep. 10, it was

expressly held that where the lessee corporation had been assessed with, and paid the tax on, the franchise of the lessor, it could not be assessed against the company. The case of Commonwealth v. Kinniconick & Freestone Railway Co., 104 S. W. 290, 31 Ky. Law Rep. 859, is not in point. In that case there was nothing to show that the franchise sought to be taxed had been included in the assessment of the Chesapeake & Ohio Railway Company. This fact appears here, and on the whole case we are unable to see that any property has been omitted from assessment.

Judgment affirmed.