## Crider v. Sutherland, et al.

(Decided October 14, 1919.)

### Appeal from Graves Circuit Court.

1. Judgment—Collateral Attack—Judgment Relied on as Link in Chain of Title.—Where the defendant in an action of ejectment relies on a judgment as constituting a link in his chain of title, and the plaintiff replies that the judgment is void for want of jurisdiction, the attack is collateral and not direct.

2. Judgment—Collateral Attack—Want of Jurisdiction—Infants —Lunatics.—A judgment of a court of general jurisdiction cannot be collaterally attacked unless the want of jurisdiction appears on the record, and this rule applies to infants and lunatics as well as to adults and persons of sound mind.

3. Judgment—Collateral Attack—Pleading—Sufficiency.—A pleading attacking a judgment collaterally, which does not allege what the record showed on the question, but relies solely upon facts outside of the record to show a want of jurisdiction is not sufficient.

4. Fraud—Pleading—Sufficiency.—An allegation in a pleading that certain deeds were obtained by fraud is but a conclusion of law, and is not sufficient. Facts constituting the fraud should be alleged.

5. Judgment—Attack on Judgment—Remedy When Absence of Jurisdictional Facts Does Not Affirmatively Appear in the Record —Pleading.—Where the absence of the jurisdictional fact does not affirmatively appear in the record in which the judgment was rendered, the proper remedy of one desiring to attack the judgment is to bring a suit for the purpose of setting aside the judgment or to resort to other forms of direct attack. In such a case it is only necessary to allege and show the absence of the jurisdictional fact.

WEBB & WEAKS for appellant.

W. J. WEBB for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Opinion amended on its face and the petition for a rehearing overruled.

Nannie Crider brought this suit against T. J. Suther-
land and others to recover a small tract of land situated
in Graves county. The defendants pleaded in substance
that they acquired plaintiff's title to the property by a
commissioner's deed executed pursuant to a judgment
rendered against her. Plaintiff replied that she had been
adjudged and was of unsound mind at the time of the
rendition of the judgment against her; that at said time
she had no committee, nor father, nor guardian, but was
a married woman and had a husband; that no summons
was ever executed on her husband, or on any other
person for her, except on the plaintiff herself; that no
guardian *ad litem* was ever appointed to make defense,
nor did any guardian *ad litem* ever make any defense for
her, and that by reason of these facts, the judgment and
the deed executed pursuant thereto were void and passed
no title to the defendants. In another paragraph, she
alleged that the deeds, through which the defendants
claimed title, were obtained by fraud. The defendants
demurred to the reply and the demurrer was sustained,
and judgment rendered in favor of defendants. Plaintiff
appeals.

This being an action in ejectment, and defendants hav-
ing relied on the judgment in question as constituting a
link in their chain of title, and plaintiff having replied
that the judgment was void for want of jurisdiction, the
attack on the judgment was collateral and not direct.
Dennis v. Alves, 132 Ky. 345, 113 S. W. 483, 117 S. W.
287.

Judgments rendered in a court of general jurisdiction
cannot be collaterally attacked unless the want of juris-
diction appears on the record, and this rule applies to in-
fants and lunatics as well as to adults and persons of
sound mind. Furthermore, a pleading making such an
attack is not sufficient, which merely alleges the absence
of the jurisdictional fact; it must go further and allege
that the record affirmatively shows the absence of such
fact. Hence, a pleading such as the reply in this case,
which did not allege what the record showed on the ques-
tion but relied solely on facts outside of the record to
show a want of jurisdiction, was not sufficient. Ratliff
v. Childers, 178 Ky. 102, 198 S. W. 718; Anderson's Com-
mittee v. Anderson's Admr., 161 Ky. 18, 170 S. W. 213,
L. R. A. 1915 C, 581; Bamberger v. Green, 146 Ky. 258,

142 S. W. 384; Dennis v. Alves, *supra;* Segal v. Riessert, 107 S. W. 747; Maysville & Big Sandy R. Co.. v. Ball, 108 Ky. 241, 56 S. W. 188.

Nor was that paragraph of the reply sufficient which alleged merely that certain deeds were obtained by fraud. This allegation was but a conclusion of law. The facts constituting the fraud should have been alleged.

Where the absence of the jurisdictional fact does not affirmatively appear in the record in which the judgment was rendered, the proper remedy is to bring a suit for the purpose of setting aside the judgment, or to resort to other forms of direct attack. Sublett v. Gardner, 144 Ky. 190, 137 S. W. 864. In such a case it is only necessary to allege and show the absence of the jurisdictional fact.

Judgment affirmed.