## Williams v. Isaacs, et al.

(Decided November 27, 1923.)

### Appeal from Jackson Circuit Court.

1. Judgment—Pleading—No Judgment Under Amended Pleading Without Service of Summons After Sustaining Demurrer to Jurisdiction, and Judgment so Entered Corrected on Motion.— Where court sustained a special demurrer to its jurisdiction as to defendant's person because he had not been properly summoned, it was without power to render judgment on an amended petition without having set aside the order sustaining the demurrer, unless defendant was summoned or entered his appearance, and a judgment so entered, if not void, was a clerical misprison, which could be corrected on motion.

2. Judgment—Matters Not Presentable on Motion to Set Aside Judgment, but Ground for Petition to Set Judgment Aside.—Contentions that a personal judgment could not be had upon the averments of an amended petition, that lack of notice of proceedings under amended petition constituted casualty, and that there was accident and surprise upon the part of defendant, could be relied upon in a petition to set aside the judgment, under Civil Code of Practice, section 520, but could not be presented on motion to set it aside.

3. Judgment—Replevin Bond Did Not Satisfy Judgment so as to Prevent Motion to Set Aside.—Replevin bond, given by one against whom execution had been issued, did not satisfy the judgment, and the latter was not merged into the bond so as to prevent a motion to set aside the judgment, because the court had no jurisdiction of defendant's person, the motion being a direct attack on the judgment.

REDWINE & REDWINE and BENTON & DAVIS for appellant.

A. W. BAKER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Plaintiffs filed a petition ordinary in the Jackson circuit court in which they sought to recover the sum of

$933.66 as arrears in rent which they alleged was due and owing by the defendant on an oil lease held by him.

Summons was issued directed to the sheriff of Clark county, returnable to the August term of the Jackson circuit court and was served in Clark county. At the August term of the Jackson circuit court the defendant filed a special demurrer to the jurisdiction of the court as to his person because he had not been summoned in Jackson. This was considered on the 14th day of that term and sustained, with leave to plaintiffs to amend. Subsequently on the same day they filed an amended petition and it was ordered that the special demurrer extend to the petition as amended and the case was submitted thereon. The amendment set up an entirely new cause of action seeking the cancellation of the lease.

On the fifteenth day of the term the following order was entered: ''The demurrer to the petition as amended is ordered to be and the same is overruled, to which defendant excepts.''

At the January term following the case was submitted and default judgment rendered for plaintiffs for the amount claimed in the original petition, the amended petition being ignored. Thereafter an execution on the judgment was issued against the defendant directed to the sheriff of Clark county and there replevied. At the ensuing March term of court the defendant entered motion to set aside and hold for naught the judgment, because, first, the court had no jurisdiction of his person under the summons served on him in the original petition; second, he had not entered his appearance by filing his plea to the jurisdiction of the court; third, because there was no summons on the amended petition; fourth, a personal judgment could not be had upon the averments of the amended petition even if the venue as to the cause of action set up in it was local; fifth, casualty in not having any notice of that proceeding; sixth, a special demurrer could not have been carried to the amended petition as indicated, and accident and surprise upon the part of the defendant.

In support of this motion he filed his own affidavit, in which he alleges that he had no information of any kind of the proceedings upon the amended petition until after the execution was issued. He further alleges that he did not owe the plaintiff anything; he also filed his attorney's affidavit in which it is alleged that he lives at

Jackson in Breathitt county and as attorney for defendant forwarded a demurrer to the jurisdiction of the Jackson circuit court by mail to the clerk thereof, and that he rode over to McKee, the county seat of Jackson county, to argue that matter; he spent the night in McKee and the following morning before court opened he had a conversation with plaintiffs' attorney in which he was informed that the demurrer had been considered by the court and sustained with leave to amend, and acting upon this information he left with the understanding that if an amendment was filed a summons would be issued thereon. The first information he had to the contrary was the issue of the execution on the judgment.

It may well be doubted if the defendant adopted the proper procedure in the first instance. The petition itself did not show any jurisdictional defect on its face, and if defendant did not live in Jackson county at the time the suit was filed, to make such defense available he should have pointed out that fact by answer in the nature of a plea to the jurisdiction of the court, or he could have filed an affidavit to that effect and moved to quash the return on the summons. However, the court sustained the special demurrer, and though this may have been erroneous it was a judicial determination that the defendant was not before the court in the cause of action set out in the petition, and until set aside the court was without power to render a judgment thereon unless the defendant was summoned or entered his appearance.

This order was not set aside by the court and appellant was not summoned again, nor did he ask for the special demurrer to be extended to the petition as amended. The record indicates that the court made the order on its own motion, and certainly this could not affect appellant's rights. The amendment itself states a transitory cause of action, but were it local, for the reasons stated above, the appellant was not charged with notice of it.

The court having fixed the status of the parties by an order in which it solemnly declared it had no jurisdiction of the person of the defendant, and as that order remains in force and effect, we must hold that the judgment rendered against the appellant on the cause of action to which that order applied was prematurely rendered, and therefore, while possibly not void, was at

least a clerical misprision which may be corrected on motion.

The other grounds set out in the motion could be relied on in a petition as provided in section 520 of the Civil Code of Practice, but cannot be presented on motion as in this case. It is intimated that the replevin bond satisfied the judgment, that as the latter merged into the bond there was nothing upon which appellants could base an attack. We cannot agree with this. This is not a collateral but a direct attack on that judgment. Baker v. Baker, 162 Ky. 694; Harrod v. Harrod, 167 Ky. 308; Crider v. Sutherland, 186 Ky. 7; Gardner v. Howard, 197 Ky. 615; Combs v. Deaton, 199 Ky. 477.

Indeed, we can draw no distinction between this case and one in which the appeal is taken after the motion for a new trial has been overruled. It is clearly settled that the payment of the judgment or the execution of the replevin bond does not bar the right of appellee in the latter. Keller v. Williams, 73 Ky. 216; N. C. C. & St. L. Ry. Co. v. Beam's Exor., 128 Ky. 758.

It follows that the court erred in overruling the motion to set aside the judgment.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.