## Cornett, et al. v. Swift Coal & Timber Company.

(Decided June 9, 1925.)

### Appeal from Letcher Circuit Court.

1. Injunction—Plaintiff Required to Establish by Proof that it Owned Title of Land Described in Petition in Suit to Enjoin Defendants from Trespassing Thereon.—In suit to enjoin defendants from trespassing on land in which defendants denied the trespass and sought to be adjudged to own the lands, plaintiff was required to establish by proof that it owned title to the land described in its petition.

2. Judicial Sales—Judgments and Order Held Not to Authorize Court to Convey Land Therein Described to Purchaser.—Judgment directing sale of land described in pleadings and title papers, but containing no further description of land directed to be sold, an order confirming commissioner's report of sale thereof not describing any of lands sold nor mentioning any of purchasers, and it appearing from another judgment that deeds were tendered to purchaser and that they were acknowledged, but not indicating what boundary or how much land was conveyed to any of them, held not to authorize court in an ex parte proceeding to convey certain described land to purchaser, in absence of evidence that tract which he described in the proceeding was the same tract which he purchased under the judgments.

J. B. SNYDER and H. C. GILLIS for appellants.

D. D. FIELDS & DAY for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

The appellee, Swift Coal & Timber Company, instituted this action in equity claiming to own and to be in possession of and seeking to enjoin appellants, Joseph

and Harrison Cornett, from trespassing upon a tract of land in Letcher county, Kentucky, particularly described in the petition and amended petition. By answer appellants denied the trespass and claimed and sought to be adjudged to own the same tract of land. By the judgment rendered appellee was awarded the injunction sought and appellants have appealed.

Under the issues as made by the pleadings it was incumbent upon the appellee, the plaintiff below, to establish by proof that it owned the title of the land described in its petition. As developed by the evidence herein a portion and approximately half of the land claimed by both parties and described in their pleadings is covered by the John Lewis 1,200-acre patent dated April 6, 1844. Both parties are claiming the title of the portion of the land in dispute covered by that grant under title devolving from it. The remainder of the tract of land is conceded by appellants to be covered by a deed from the Altoona Trust Company to appellee, Swift Coal & Timber Company, and they now disclaim any interest in any of the land described in the pleadings which lies outside the Lewis 1,200-acre grant. So that as presented to this court the controversy relates solely to that portion of the tract of land described in the pleadings herein which lies within the John Lewis 1,200-acre grant. Appellee introduced in evidence the deeds constituting its chain of title to the land claimed by it under that grant. Among the number is a deed from B. F. Blankenship, and others, by H. C. Rice, as commissioner of the Harlan circuit court, to E. C. Baker dated September 7, 1916. It appears to have been executed in open court September 7, 1916, and shortly thereafter to have been recorded in the proper county court clerk's office. The deed is somewhat remarkable on its face in that from its recitals it appears to have been executed pursuant to and to carry out a judgment of the Harlan circuit court entered at its September term, 1867. In support of the validity of that deed there was filed as evidence for appellee a copy of the judgment of the Harlan circuit court rendered Saturday, September 29, 1866, in the action of Benjamin F. Blankenship, et al. v. John Lewis' Heirs, et al. That judgment, it appears, directed a sale of the lands mentioned and described in the pleadings and title papers on file in the action, except the widow's dower and lands claimed by William Cornett and William Smith. The court's commissioner was directed

to make the sale, was given discretion as to what tracts he would sell together or separately, and was directed to report to the court at its next term the description of each parcel sold and the purchaser. The judgment contained no further description of the lands directed to be sold. There was filed as evidence for appellee a copy of the order of the Harlan circuit court entered in that action September 25, 1867, confirming the commissioner's report of sale. That order does not describe any of the lands sold or mention any of the purchasers, merely reciting that the commissioner's report of the sale had been filed at the preceding term of the court and that no exceptions had been taken, and approving and confirming it, closing with an order directing the commissioner to prepare and tender deeds of conveyance to the respective purchasers for the inspection and approval of the court. There was filed as evidence for appellee a copy of a judgment of the Harlan circuit court entered September 27, 1867, in that action, which recites that the court's commissioner, pursuant to the order above, tendered deeds to the purchasers, namely: One to James J. Lewis; one to John Dixon; one to Ebenezer Dixon; one to Jonathan Lewis; one to Wilson Lewis; two to Elijah Baker; one to William Rolly; one to William Cornett, and one to Jonathan Lewis, conveying to each of them the lands severally purchased by them. The judgment recites that the deeds were acknowledged in open court, examined and approved by the court and so endorsed, and that they were certified to the office of the county court clerk for record. Nothing contained in that judgment indicates what boundary or how much land was conveyed to any of the purchasers. That old action thereupon appears to have been stricken from the docket of the court, and, so far as this record shows, no further steps were taken until the 7th day of September, 1916. On that date E. C. Baker, who appears to be the Elijah Baker mentioned in the order entered September 5, 1867, appeared in the Harlan circuit court, in open court by counsel, and recited the fact that the three foregoing orders and judgments had been entered by that court in the action of B. F. Blankenship, etc. v. John Lewis' Heirs, etc., and recited that one of the tracts of land purchased by him and for which a deed was made to him was bounded and described as follows:

"Lying and being in Letcher and Perry county, in the state of Kentucky, beginning on a lynn tree

on the right hand side of big Leatherwood as you go down said creek near Cornett's line; thence up said creek so as to include all the forks and all the land that said John Lewis, deceased, owned on Leatherwood that he has not deeded away on through to the Harlan county line."

By his counsel he further recited that until recently E. C. Baker and his vendees had thought that the deed made to him in 1867 was of record in the Perry county court clerk's office and in the Letcher county court clerk's office, but that a recent investigation had disclosed the deed never to have been recorded. Thereupon he moved the court to reinstate the old action on its docket and to cause the tract of land he claimed to have purchased at the commissioner's sale in 1866 to be conveyed to him by the court's commissioner. No evidence was offered to the court that the tract of land he described to the court in making his motion in 1916 was the tract of land purchased by him in 1866 other than his mere statement of the fact. Thereupon, the court entered an order reinstating the old action upon the docket, and directed its commissioner to execute to E. C. Baker a deed for the tract of land described above, which he said he purchased in 1866. The action was reinstated upon the court's docket without notice to anyone, and, pursuant to the direction of the court, the commissioner executed and the court approved a deed conveying that tract of land to E. C. Baker.

To sustain appellee's ownership of that part of the land mentioned and described in the pleadings herein covered by the John Lewis 1,200-acre survey, the validity of the commissioner's deed made under the circumstances above detailed would have to be sustained. Merely to state the proposition is sufficient to indicate the answer that must be given. No evidence is found in the record that the tract of land mentioned and described in the judgment of the court entered in 1916, and in the commissioner's deed executed and delivered to E. C. Baker pursuant thereto, was sold or was ordered to be sold by the orders and judgments entered in 1866 and 1867. It must be conceded that the proceedings had in that action in 1916 were exceedingly informal. Without notice to anyone, after it had rested in peace for more than fifty years, the old action was revived and reinstated on the docket of the court. Without evidence to sustain it, so far as the record shows, save the mere

unsworn statement of the party, the court, in the *ex parte* proceeding above, by judgment declared that in 1866 E. C. Baker purchased a certain described tract of land at a commissioner's sale in the old action and, therefore, was entitled to a conveyance of it, and thereupon by his commissioner had it conveyed to him. The old orders and judgments of the court introduced in evidence herein as authorizing the judgment of the court entered in 1916 failed wholly to do so, because from them it can not be ascertained what lands, if any, E. C. Baker purchased or where they were located. In addition, the three orders or judgments of the court referred to in the judgment of 1916 show that whatever land was purchased in 1866 by E. C. Baker was then conveyed to him. The court could not in this *ex parte* proceeding supply the lost deed. In a proper proceeding some evidence identifying the land and supplying the necessary facts would have to be introduced. The commissioner's deed of 1916 made to E. C. Baker, under the circumstances herein detailed, can not be upheld or accepted as evidence that he acquired title to the tract of land mentioned and described therein. Appellee's claim to ownership of the title of that portion of the land mentioned and described in its petition and amended petition covered by the John Lewis 1,200-acre survey rests upon the commissioner's deed above, and for the reason indicated its claim to ownership thereof must fail.

Having failed to manifest that it owned the title of that part of the land described in its petition and amended petition, which it claimed under the John Lewis 1,200-acre survey, to that extent the chancellor should have dismissed appellee's petition.

Wherefore, the judgment herein is reversed and the cause remanded with directions that a judgment be entered in conformity with this opinion.