## Swift Coal & Timber Co. v. Cornett et al.

(Decided June 13, 1933.)

LEWIS E. HARVIE and JESSE MORGAN for appellant.

D. I. DAY, JOE HALL and TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

By its petition filed in the Letcher circuit court, the Swift Coal & Timber Company, a corporation, alleged that it is the owner and entitled to possession of a tract of 90.50 acres of land fully described therein, that defendants William Cornett and Joseph Cornett had within the year prior to the filing of the petition unlawfully entered upon this tract of land and cut and removed trees therefrom, and that William Cornett was claiming to be the owner of the land and giving out statements that he intended to enter thereupon at his pleasure. It asked that defendants be perpetually enjoined from the acts complained of. Thereafter an amended petition was filed wherein it was alleged that Boyd Cornett had purchased and taken a deed from William Cornett to a certain described portion of the land in controversy containing about 25 acres and asked that he be made a party defendant.

By their joint and separate answer and counterclaim, William Cornett and Joseph Cornett denied the allegations of the petition and affirmatively alleged that they are the owners of the land described therein and that they and those under whom they claim have been in the continuous, adverse possession of the land to well-defined and well-marked boundaries for more than 15 and more than 30 years next before the institution of the action. They further alleged that they were the owners, legal title holders, and in the actual possession

of a tract of land described in their answer and counterclaim, and that the tract described in the petition conflicts therewith, and to the extent of the conflict they are the owners thereof. They further alleged that the same questions of title and of law and facts and a portion of the lands involved here were also involved in a former action styled Swift Coal and Timber Company v. Joseph Cornett et al. (see Cornett v. Swift Coal & Timber Company, 209 Ky. 482, 273 S. W. 41, 43), and which, after appeal to this court, was determined in favor of defendants therein, and they pleaded and relied upon the final judgment therein as conclusive of all questions involved here and in bar and estoppel of plaintiff's right of recovery.

Boyd Cornett filed separate answer and counterclaim in substance the same as that filed by his codefendants. By reply, plaintiff denied the affirmative allegations of the answer and counterclaim of defendants William and Joseph Cornett and also filed the same character of reply as to the separate answer and counterclaim of Boyd Cornett, but in addition alleged that, at the time the deed from William Cornett to Boyd Cornett was made, plaintiff was in the actual, adverse possession of all the land in controversy, and therefore the deed was champertous.

After proof was taken by respective parties and the cause submitted for final hearing, it was adjudged that plaintiff's petition be dismissed and that it take nothing thereby and that defendant recover its costs, and plaintiff is prosecuting this appeal.

Appellant claims title under a patent issued by the commonwealth of Kentucky to John Lewis in 1844 for 1,200 acres. There was issued to William Smith in September, 1846, a patent for 800 acres. This patent conflicts with and overlaps portions of the Lewis patent at two points. The land in controversy as indicated by maps and plats filed by respective parties is within and includes practically if not all of the larger conflict. As we understand the plats and other evidence, none of the land in controversy in the action of Cornett v. Swift Coal & Timber Company, 209 Ky. 482, 273 S. W. 41, referred to in appellee's pleadings, is included in the boundary described in appellant's petition, although a clearing made on the land involved in the former action

extends over and includes a fraction of an acre on the land in controversy here.

It will be noted in the opinion in that case that the cause of appellant here failed because of a defect or missing link in its chain of title occasioned by loss or misplacement of a deed made by the master commissioner of the Harlan circuit court to E. C. Baker in the suit pending in the court to sell the land of John Lewis before it had been recorded, and which, according to the records, was made in 1867. No action was taken to supply it until 1916 when E. C. Baker by counsel appeared in the Harlan circuit court, recited some of the facts, and moved the court to reinstate the case and to cause the land he claimed to have purchased at the commissioner's sale to be conveyed to him by the master commissioner.

It was pointed out in the opinion in Cornett v. Swift Coal & Timber Company, supra, that the orders and judgments of the Harlan circuit court introduced in evidence as authorizing the judgment entered in 1916 to supply the deed did not disclose what lands E. C. Baker purchased or where they were located, and in fact that there was no evidence to sustain the judgment save the mere unsworn statement of the party in an ex parte proceeding. It was held that the court could not, in such ex parte proceeding, supply the lost deed, but "in a proper proceeding some evidence identifying the land and supplying the necessary facts would have to be introduced."

Following the final determination of that case, appellant filed an action in the Letcher circuit court against Cinda Jarvis and the other heirs, known and unknown, of John Lewis, and all the defendants were brought before the court by summons or by constructive service. In its petition plaintiff set up the action in the Harlan circuit court seeking a sale of the lands of John Lewis and the various judgments and orders authorizing the sale and pertaining to reports of sale, making deeds, etc., to respective purchasers including E. C. Baker. The lands alleged to have been purchased by E. C. Baker were fully described; it being the 1,200 acres patented by John Lewis in 1844 and a smaller tract theretofore patented by him, with certain exclusions described in the petition, but no part of the tract in controversy here is included in any of the exclusions.

The purpose of the action was to cure the defect in appellant's chain of title occasioned by the loss of the commissioner's deed made pursuant to judgment of the Harlan circuit court.

On final hearing it was adjudged that at the time of his death John Lewis owned all the 1,200 acres surveyed in 1844 and other lands described in the petition except the exclusions as described therein; that, in the action pending in the Harlan circuit court, judgment was entered in 1866 directing a sale of these lands, and that E. C. Baker became the purchaser of all the land described in the petition except such as he had conveyed prior to his death; that on April 25, 1867, the commissioner filed his report of sale which was confirmed in the following September; that thereafter an order was entered directing the commissioner to prepare and make deeds of conveyance to Baker for the lands purchased by him; that on September 29, 1867, the commissioner produced in open court a deed to E. C. Baker for the lands so purchased and the deed was duly acknowledged, approved and confirmed by the court and so indorsed by the judge and ordered certified to the proper officers for record. It was further adjudged that by divers mesne conveyances of record in Perry and Letcher counties the lands covered by the 1,200-acre survey in the name of John Lewis made in 1844 and the survey for 100 acres made in his name in 1834 have been conveyed to the Swift Coal & Timber Company and were still owned by it. The master commissioner of the court was directed to prepare and present for the court's approval a deed to the Swift Coal & Timber Company conveying all rights, title, claim to, and interest of, the defendants in and to the lands described in the petition and judgment. On May 20, 1927, the commissioner made conveyance as directed by the judgment which was duly acknowledged by him and approved by the court. In the former case the lower court found for the Swift Coal & Timber Company, but on appeal the judgment was reversed for the reason indicated.

It is stated in brief that the lower court sustained appellee's plea in bar on the theory that all questions involved were determined in the former action. Much of the briefs filed by counsel for respective parties are devoted to a discussion of the doctrine of res judicata

and its application to this case. The general doctrine of res judicata as announced by this court is that a final determination upon the merits of a case rendered by a court having jurisdiction of the parties to and the subject-matter of the action is conclusive as to all parties and their privies in a subsequent action on matters or points in issue in the first action. Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442; Stone v. Winn, 165 Ky. 9, 176 S. W. 933; U. S. Fidelity & Guaranty Co. v. Carter, 158 Ky. 737, 166 S. W. 238; Hopkins v. Jones, 193 Ky. 281, 235 S. W. 754. In order for this doctrine to apply, however, there must be identity of subject-matter, identity of cause of action, identity of persons or parties to the action, and identity of the quality in the persons for or against whom the claim is asserted. Liverpool, etc., Insurance Company v. Wright, 166 Ky. 159, 179 S. W. 49. It is clearly disclosed by the record that there is neither identity of parties nor of subject-matter of the action, but, even if these elements had existed, the fact would still remain that this case presents issues that were not and could not have been presented or determined in the former action and in such circumstances, the doctrine of res judicata obviously has no application.

Counsel for appellees most vigorously assail the judgment in the case of appellant company against Cinda Jones and the other heirs of John Lewis and the deed made pursuant thereto. This was to all intents and purposes a proceeding to supply the lost deed. In pursuing this remedy in an attempt to fill the apparent break in its chain of title, appellant did what the opinion in Cornett v. Swift Coal & Timber Company, supra, indicated should be done in supplying the court with information as to the identity, description, and location of lands conveyed to E. C. Baker by the commissioner of the Harlan circuit court and such other facts as would authorize the court to grant the relief sought. There is no merit in the contention that appellees or any of them were necessary parties to that action, and, so far as the record discloses, the court had jurisdiction of the parties and of the subject-matter involved. Unless the judgment in question is void for want of jurisdiction either of the subject-matter or of the persons involved in the litigation, it is not subject to collateral attack. In the case of Dennis et al. v. Alves et al., 132 Ky. 345, 113 S. W. 483 (petition for rehearing over-

ruled 117 S. W. 287), there was an attack on a judgment in a former action which constituted a link in appellee's chain of title and was pleaded by them. In the course of the opinion (117 S. W. 287) it was said:

"This is a collateral attack, and, unless the judgment is void for want of jurisdiction, either of the subject-matter or of the persons involved in the litigation, the attack is in vain."

In the light of the authorities and the proven facts and circumstances, the conclusion that appellant has established record title back to the commonwealth is inescapable.

To sustain their plea of adverse possession, appellee and other witnesses introduced in their behalf testified that they and those under whom they claim have been making claim to and have been in the possession of the land in controversy for a much longer period than 15 years next before the institution of this action, however, the evidence discloses that neither of the appellees nor any person under whom they claim ever occupied any portion of this tract, and evidence offered to establish adverse holding merely shows that they claimed to a marked boundary and that they made sporadic entries for the purpose of cutting timber. None of the tract was ever cleared or inclosed by them except possibly the fraction of an acre where a clearing on a tract involved in the former litigation referred to in another record extended slightly over the line. The assertion or claim of ownership accompanied by sporadic entries for the purpose of cutting and removing timber, no matter how long continued, does not constitute adverse possession. Ward v. Middleton (Ky.) 124 S. W. 823; Kelley v. Bicknel, 147 Ky. 401, 144 S. W. 88; Whitley County Land Co. v. Powers' Heirs, 146 Ky. 801, 144 S. W. 2; McCoy v. Thompson, 172 Ky. 794, 189 S. W. 1139; Kentucky Union Co. v. Cornett, 248 Ky. 360, 58 S. W. (2d) 655.

According to appellees' own evidence, the clearing that extended slightly over and into the boundary in controversy was made about 14 years before this action was instituted. Without going into further detail, it may be said that the evidence clearly establishes superior legal title in appellant and signally fails to establish appellees' plea of adverse possession.

For the reasons indicated, the judgment is reversed, with directions to enter judgment in conformity with this opinion.