## McKinney et al. v. Caldwell.

Feb. 9, 1943.

170

Jay W. Harlan for appellants.

Nelson D. Rodes for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Appellants brought this action in the Boyle circuit court against appellee to recover damages for breach of contract.

In October, 1941, appellants and appellee entered into a written contract whereby it was agreed between the parties that appellants were to cultivate or grow a crop of tobacco on about seven acres of land owned by appellee. The contract set out in detail the obligations and things to be performed by each party and that after the tobacco had been sold on the market the net proceeds of the sale were to be divided one-half each to appellants and appellee. It was provided further that when the services of appellants were not reasonably needed in connection with the tobacco crop they were to work on the farm for appellee at the rate of $1 per day, to be paid in cash at the end of each week.

Appellants entered upon the land of appellee pursuant to the contract and performed a part of the work and duties provided in the contract, but about the middle of March, 1942, the contract was terminated. Soon thereafter appellants brought this action alleging that without cause appellee ordered and directed them not to continue further under the contract and to move from the house occupied by them on the farm. They further alleged that had they been permitted by appellee to fulfill the contract they would have made jointly a net profit from the tobacco crop of at least $1,375, and would have earned from labor at least $200, and in addition to the loss of profit on the tobacco crop and labor they were caused to incur moving expenses of $75. They prayed to recover of appellee the sum of $1,650.

Appellee filed his answer to appellants' petition denying any breach of the contract, or losses of profit on the tobacco crop or labor, or that appellants had been damaged in the sum of $1,650 or any other sum. By paragraph two of the answer appellee further pleaded that on March 11, 1942, appellants notified him that they had decided to quit working for him under the contract set out in the petition and requested him to make settlement with them not only for the work at $1 per day that they

had performed for appellee but also requested that appellee pay them for all labor and work that they had performed under the contract for the raising of the seven acres of tobacco on his farm and that he acceded to the request of appellants to the termination of the contract and he paid appellants the sum of $5 in full payment and settlement of all claims and demands of every kind that they had against him growing out of the contract to cultivate the seven acres of tobacco, and appellants accepted $5 in full, final and complete settlement of all the obligations of appellee to them as a full and complete rescission and termination of the contract of employment to produce the seven acres of tobacco and to work for appellee under the contract.

Paragraph three of the answer is a plea of res adjudicata. Appellee alleged that in March, 1942, he instituted in the Boyle county court a forcible detainer action against appellants for restitution of his property under the written contract set out in the petition and a jury was empaneled to try the issues and rendered the following verdict: "We the jury find for the plaintiff and further agree that plaintiff shall pay for the canvas and move defendants to their future destination and pay expenses. L. D. Brandenburg, Foreman." The following judgment was entered upon the verdict:

"It is therefore adjudged by the court that the plaintiff Charles W. Caldwell have restitution of the premises described in the writ of forcible detainer and described in the evidence, viz. one 2-story frame house located on the Caldwell farm on Hughes Lane leading south from Danville-Perryville pike, house known as Tuggle house, 2½ miles west of Danville.

"Thereupon appeared Chas. W. Caldwell in open court and paid the costs of this action amounting to $5.50 in accordance with the inquest of the jury."

Appellants filed their general demurrer to the third paragraph of appellee's answer and also filed their reply traversing certain affirmative allegations of the answer, and further pleaded affirmatively that it was true that appellee obtained a writ of forcible detainer against them seeking the restitution of a two story frame house on appellee's farm, the rental or occupancy of which

house by them was not embraced or included in the written contract sued upon in this action, but was under a separate and distinct contract. Appellee filed his rejoinder denying that the occupancy of the house by appellants was not provided for in the contract sued upon in this action and the subject matter of the two actions are not the same.

For further rejoinder appellee alleged that he entered into but one contract with appellants which was partly oral, partly printed and partly written; that the oral part of the agreement provided that appellee should furnish to appellants as a place of residence for the year 1942 the house on the farm of appellee mentioned in appellants' reply, together with a garden and a pasture for cows, and in the trial of the forcible detainer writ the appellants testified with respect to both the oral, written and printed portions of the tenancy contract between the parties, including the occupancy of the house and the cultivation of the seven acres of tobacco, and that the issue of fact made in the evidence and submitted to the jury in the forcible detainer action was not the terms of the contract of tenancy, about which there was no dispute, but whether such tenancy contract had been rescinded by mutual agreement of the parties and whether full settlement had been made by appellee of all the claims and demands of appellants under such tenancy contract; that in the forcible detainer trial appellants claimed the legal right to occupy the farmhouse under the written tenancy contract with appellee, and appellee claimed that such right to occupy the farmhouse had terminated when the tenancy contract had been rescinded by mutual agreement of the parties, and this same legal question is again being asserted by the appellants that the tenancy contract was still in legal existence, whereas appellee asserted that such tenancy contract had been rescinded by joint agreement and settlement of the parties to the tenancy contract, and that appellants are endeavoring in this court in the present action to again try the same issue of fact which was concluded in the trial of the forcible detainer case.

Appellants filed a general demurrer to appellee's rejoinder, which demurrer the court overruled, and appellants failing to plead further the court entered judgment dismissing their petition. Hence, this appeal.

The sole question presented on this appeal is wheth-

er or not the court below properly overruled the general demurrers filed by appellants to paragraph three of appellee's answer and also to the rejoinder. Paragraph three of the answer alleges that appellee instituted forcible detainer proceedings against appellants and a jury was empaneled to try the question of whether appellants had the legal right to longer occupy appellee's premises under the written contract set out in the petition and the trial resulted in a jury verdict and judgment thereon in favor of appellee. Appellee filed as exhibits with his petition a transcript of the forcible detainer proceedings, except the evidence, and the judgment describes the premises involved as "one two-story frame house on the Caldwell (appellee) farm." It is further alleged in paragraph three, after setting out the proceedings had in the forcible detainer action, "that the same issues were presented in the Boyle county court as are here presented by this action." Conceding, without deciding the question, that paragraph three of the answer, together with the judgment of the court filed as an exhibit therewith, which merely describes the premises in controversy being the house occupied by appellants, was insufficient to constitute a defense, yet we think the defect, if any, was cured by subsequent pleadings; namely, the reply and rejoinder, which more fully elaborated that question and brought directly in issue the questions of whether or not in the forcible detainer action the written contract here involved was also involved in that action and that the subject matter of that action had its inception in and was based upon the written contract sued on in the present action; or, whether the written contract relating to the cultivation of the tobacco was separate and distinct from the agreement pursuant to which appellants moved into the house of appellee on the same farm, and had no connection therewith.

It is the well established rule that a demurrer admits all facts well pleaded. It is pleaded in appellee's answer and rejoinder and admitted by the demurrer that appellants moved into the house which was involved in the forcible detainer pleadings, pursuant to the written contract relating to the cultivation of tobacco upon which appellants base the present action, and that the rescission or termination of the written contract relating to the cultivation of tobacco also terminated appellants' right to remain in the house, and that the issue tried in

the forcible detainer action involved the written contract sued on and that the forcible detainer action was based upon the rescission or termination of the written contract and at the trial of the forcible detainer action appellants testified with respect to both the oral, written and printed portions of the contract between the parties, which included the house and cultivation of the tobacco, and the issue of fact made and submitted to the jury in that action was whether the written contract had been rescinded by mutual agreement of the parties, and whether full settlement had been made by appellee of all claims and demands of appellants under the written tenancy contract relating to the cultivation of the tobacco, and that at the trial of the former action appellants claimed the legal right to occupy the farmhouse under the written contract and appellee claimed that such right to occupy the house had terminated when the written contract had been rescinded by the parties, and the same issues involved in the present action were involved in the former action.

Furthermore, certain allegations contained in appellants' petition and the jury verdict lend support to the contention of appellee that appellants moved into the farmhouse referred to in the forcible detainer action by virtue of the written contract relating to the cultivation of the tobacco and not pursuant to any separate or independent contract. In pleading the written contract in the petition it is alleged that pursuant to said agreement appellants moved to the farm of appellee from Lincoln county about January 1, 1942, thus admitting or asserting that they did move to the farmhouse pursuant to the written contract here sued on. Appellants further alleged that they proceeded to comply with the written contract and on or about the middle of March, 1942, they prepared the tobacco land, beds, etc. In connection with this last allegation with respect to the tobacco beds, it is to be noted that the jury's verdict recited, "that plaintiff shall pay for the canvas," evidently referring to the canvas used in connection with the tobacco beds. This fact is strongly corroborative of appellee's pleading that the written contract here involved was involved in the forcible detainer action. If appellants were occupying the house on the farm independent of the contract relating to the cultivation of the tobacco, it is indeed singular that the jury would have made any reference to the can-

vas, since it is known that canvas is used in connection with tobacco beds or the growing of tobacco but has no connection with the occupancy of a residence under a contract not related to or dependent upon a contract for the cultivation of land.

The doctrine of res adjudicata means that where a question or fact is once litigated and determined by the judgment of a court of competent jurisdiction, no question or fact that was litigated therein can thereafter be relitigated by the same parties or their privies. Hopkins v. Jones, 193 Ky. 281, 235 S. W. 754; Jackson v. Pepper Gasoline Company, 284 Ky. 175, 144 S. W. (2d) 212. In 34 C. J., page 960, the rule is thus stated: ''A judgment in forcible entry and detainer is conclusive as to all matters put in issue and determined.''

It is admitted by appellants' demurrer that the restitution of the house involved in the forcible detainer action was sought and determined upon the ground that the written contract here sued on had been terminated by mutual consent of the parties and therefore appellants' right to further occupancy of the house was terminated. Appellants contend that the forcible detainer action was merely for restitution of the house but not for damages for breach of contract, a subject matter of which the county court had no jurisdiction. But it must not be overlooked that the county court did have jurisdiction of the forcible detainer action which was determined upon the question of whether or not there was a contract of tenancy in existence between the parties and the jury based its verdict upon its finding of fact that the tenancy contract for cultivation of the tobacco had been terminated, which also terminated appellants' right to longer occupy the house. Appellants cite and rely upon Swift Coal & Timber Co. v. Cornett, 249 Ky. 760, 61 S. W. (2d) 625, and certain other authorities of a similar nature. We have examined those authorities and find them to be distinguishable from the facts involved in the present case.

It is our conclusion, therefore, that appellee's plea of res adjudicata is sustained by the admitted facts as disclosed in this record and the court did not err in overruling the demurrer thereto.

Judgment affirmed.