SALLEE HORSE VANS,
INC., Appellant,

v.

Neil PESSIN, Appellee.

No. 88–CA–316–MR.

Court of Appeals of Kentucky.

Dec. 22, 1988.

**150**

Andrew J. Palmer, III, Lexington, for appellant.

C. David Emerson, Lexington, for appellee.

Before HAYES, MILLER and WEST, JJ.

WEST, Judge.

This is an appeal from a judgment of the Fayette Circuit Court which held that the provisions of the Interstate Commerce Act (49 U.S.C.A. § 10101, et seq.) did not apply to the action herein. Appellant appeals from that judgment which awarded it $4,000.00, arguing that it is entitled to $5,286.00 under the provisions of the Act.

It is undisputed that Sallee Horse Vans, Inc., is a licensed common carrier in the business of hauling horses. In November of 1986, Neil Pessin hired the appellant to transport horses from Lexington to New Orleans, Louisiana. Following the delivery of this service, Sallee sent Pessin an invoice charging him $5,286.08. Pessin refused to pay, contending that he had been quoted a price of $4,000.00 for this transportation.

After this suit was filed, Pessin paid appellant $4,000.00 but continued to deny owing any further liability. A week prior to trial, appellant moved the court to grant a declaratory judgment. Appellant argued that it was an interstate carrier operating pursuant to the Interstate Commerce Act and therefore was entitled to compensation in accordance with published tariff rates.

The appellee objected to the introduction of evidence on the tariff and ICC regulations, arguing that Sallee Horse Vans had not alleged the Act in its complaint or earlier proceedings and could not now raise a new theory to support its action. The court overruled appellant's motion, tried the case before the bench and entered judgment finding the Act was inapplicable and a fair and reasonable charge for the services rendered was $4,000.00.

We have determined that the parties are bound by the Interstate Commerce Act and accordingly, reverse. The record of the proceedings below indicates that the trial judge believed Sallee Horse Vans was required to charge rates based on the tariff but that customers were not necessarily bound by the rates of the published tariff. That is certainly not an unreasonable belief, however, our research indicates that both parties are indeed bound by the provisions of the Interstate Commerce Act. 49 U.S.C. § 10761(a).

Carriers have a duty to adhere to their published schedules and it is not within the power of parties to a contract of carriage to agree upon a lesser rate. 13 Am.Jur.2d § 108, *Carriers* at 648 (1964). In fact, the public policy which seeks to prevent discrimination requires that the carrier may collect the full published rate even if the undercharge results from mistake or misrepresentation by the carrier or its agents. *Aero Trucking, Inc. v. Regal Tube Co.*, (CA 7 Ill.) 594 F.2d 619 (1979); *L & N R.R. Co. v. Mead Johnson & Co.*, (CA 7 Ind.) 737 F.2d 683 (1984).

Appellee contends that appellant cannot rely upon the provisions of the Act as it did not plead or otherwise raise that argument but asked only for a "reasonable charge" for the services. Although the complaint did not specifically refer to the tariff rate, it did allege that Sallee Horse Vans was entitled to $5,286.08, the exact amount of the scheduled charge. Although appellee objected to the introduction of evidence on the provisions of the Act or the scheduled tariffs, the court allowed the evidence and the parties have tried this issue by implied consent. CR 15.02. Appellee did not seek a continuance and cannot argue that the alleged change in legal theory prejudiced him when it was raised by memoranda pri-

or to trial. *McKinney v. Caldwell,* 293 Ky. 169, 168 S.W.2d 727 (1943).

 In conclusion, the trial court's ruling that appellee was not bound by appellant's tariff was an abuse of discretion as the courts clearly have no power to alter the terms of a duly published tariff of a common carrier. *Walsky Constr. Co. v. Sea–Land Services, Inc.,* Alaska, 577 P.2d 241 (1978). So far as interstate shipments are concerned, the right of private contract as to rates between the shipper and the carrier has been entirely abrogated by the enactment of the Interstate Commerce Act. 13 C.J.S. § 314, *Carriers,* at 724 (1939). The published tariff is accorded a legally superior status: that of a law. *In Re Penn Central Transportation Company,* (3rd Cir.) 477 F.2d 841, 844 (1973). The appellee has not alleged nor proven that the published rates are unreasonable and the Act prevents a shipper from obtaining a rate lower than the published tariff. *Walsky, supra,* at 243.

Accordingly, the judgment is reversed and the cause remanded for proceedings in conformity with the views expressed herein.

All concur.